## BORTON v. BORTON. (No. 7268.)

(Court of Civil Appeals of Texas. Galveston. Nov. 23, 1916. Rehearing Denied Dec. 21, 1916.)

1. DIVORCE ☞254 — PLEADING — TITLE TO LAND.

Allegation of original and supplemental petitions in action for divorce relating to the separate property of plaintiff and the claims of defendant with reference thereto, *held* to authorize judgment that plaintiff owned land in her own separate right, and quieting title thereto as against defendant.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 718–721; Dec. Dig. ☞254.]

2. HUSBAND AND WIFE ☞205(4)—ACTIONS —RIGHT OF ACTION—PROTECTION OF SEPARATE ESTATE.

A wife is entitled to sue her husband for the protection of her separate property in his possession against damages or waste threatened by his wrongful acts, or his declared intention to use the same to her damage, and she may sue to recover her separate estate wrongfully converted by him, and also to have a resulting trust declared in her favor in lands claimed by her in her own right in his possession, her title to which he is disputing and to which he is asserting title adverse to her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 748, 749, 754, 970; Dec. Dig. ☞205(4).]

3. HUSBAND AND WIFE ☞205(4)—ACTIONS— RIGHT OF AGENT—QUIETING TITLE.

Under Acts 33d Leg. c. 32, defining separate and community property of husband and wife, and providing that the wife shall have the sole management, control, and disposition of her separate property, a wife may maintain suit against her husband to quiet title to land claimed by her as her separate property, to which he is asserting title adverse to her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 748, 749, 754, 970; Dec. Dig. ☞205(4).]

4. APPEAL AND ERROR ☞907(3)—REVIEW— PRESUMPTION—FACTS NOT APPEARING IN RECORD.

Where there is no statement of facts with the record, the review court will presume that the facts proved on the trial support the finding of the jury and the judgment of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2673; Dec. Dig. ☞907 (3).]

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Mrs. Lella E. Borton against W. H. Borton. From a portion of the judgment favorable to the plaintiff, defendant appeals. Affirmed.

Campbell, Sewall & Myer and Tharp & Tharp, all of Houston, for appellant. Gill, Jones, Tyler & Potter, of Houston, for appellee.

LANE, J. This suit was instituted by Mrs. Lella E. Borton, plaintiff, against her husband, W. H. Borton, defendant, for a divorce, for a partition of their community estate, for quieting her title to certain lands alleged to be her separate estate, and for injunction to restrain defendant from selling, mortgaging, or incumbering any of said property, separate or community, or in any way wasting or destroying any part thereof.

In addition to plaintiff's allegations upon which she sought a divorce, she alleges among other things that at the time her suit was filed that she owned as her separate property three tracts of land situated in Harris county, Tex., and one in Walker county, Tex., and that as defendant had already sold seven bales of cotton belonging to said community estate and converted the proceeds of such sale to his own use, she feared he would attempt to sell, mortgage, or incumber all of said property, both separate and community. Her prayer was for a decree of divorce, partition of all community property, and for a decree quieting her title to the land alleged to be her separate estate, etc.

Defendant answered by general demurrer, general denial, and by special denial of all of plaintiff's allegations in support of her prayer for a divorce. He expressly denied that the three tracts of land situated in Harris county was the separate estate of plaintiff, and says that it is the community property of plaintiff and himself, and that the same represents the total earnings and savings of the parties for the past 37 years as husband and wife; that plaintiff is claiming said lands under and by reason of a certain instrument which upon its face appears to be a deed from him to plaintiff, conveying to her said lands, but in fact said instrument was not intended by him to be a deed, nor a transfer of his interest in said lands to plaintiff; that when said instrument was signed he was threatened with a fictitious and unfounded litigation, which was never instituted; that he executed said instrument without the knowledge of plaintiff for his own protection against said threatened suit; that said instrument was never delivered to plaintiff, but that she obtained possession of the same and placed it of record without his knowledge and consent; that same was without consideration and was void.

Plaintiff by supplemental petition denied all the material allegations of defendant's answer, and further alleged that said lands were conveyed to her by said deed, and was so intended by defendant, and that said deed was delivered to her by defendant for the purpose of conveying said lands to her.

The cause was tried before a jury, who, upon special issues submitted to them by the court, found that none of the causes alleged by plaintiff for a divorce in fact existed, but they found that defendant did make manual delivery to plaintiff of the deed in question by which he conveyed to plaintiff the lands in question. Upon such findings of the jury the court rendered judgment denying plaintiff's prayer for a divorce and partition of the community property, but rendered judg-

---

ment in favor of plaintiff adjudging her to be the owner of the three tracts of land in question in her own separate right, and quieting her title thereto as between her and defendant as prayed for. From so much of such judgment as adjudged said land to plaintiff, defendant has appealed.

Appellant's contentions are: First, that as appellee's suit was for a divorce, partition of the community property of herself and husband, and for the quieting of title in her to certain lands claimed by her as her separate property, the court was without authority and jurisdiction to determine the rights of appellee to the lands claimed by her as her separate property, after the jury had found that no cause existed which entitled appellee to a divorce; that a refusal of the divorce prayed for entitled appellant to judgment and the court erred in not so decreeing. Second, that if, after said divorce had been refused, the court had jurisdiction to determine the rights of appellee to lands claimed by her as her separate property from proper allegations, it had no power or authority to do so in this cause, because appellee's petition does not allege what interest she has in said lands, nor that she was in possession or entitled to possession thereof, nor that appellant had unlawfully entered upon and dispossessed her of the same, as required by law in suits of trespass to try title.

[1] The effect of appellee's original and supplemental petitions, aided by the answer of the appellant, relative to the questions presented for our consideration, is that appellee is the owner of the three tracts of land in Harris county in her own separate right; that she claims the same under a deed duly executed and delivered to her by appellant; that appellant is disputing appellee's title to said land and insisting that he never delivered said deed to appellee, and never intended thereby to convey said land to her, and that the same is not the separate property of appellee, but the community property of himself and appellee; that appellee and appellant are living separate and apart from each other; that appellant has disposed of a part of their community estate and converted the proceeds thereof to his own use; and that appellee fears that appellant will attempt to mortgage or incumber her said separate property. Upon these allegations, appellee prays for an injunction to restrain appellant from selling, mortgaging, or otherwise incumbering her said separate estate, or in any way destroying or wasting any of said property, and that upon final hearing she be quieted in her title to her said separate property.

We think that appellee's original and supplemental petitions, when considered in connection with the allegations of appellant's answer, were sufficient to authorize the trial court to render the judgment rendered in this cause upon sufficient proof of the matters alleged.

[2] That a wife could not, independent of a suit for divorce, sue her husband under the laws of this state for the possession and control of her interest in their community estate, or for her separate property, either real or personal, prior to the passage of the act of the Thirty-Third Legislature of 1913, p. 61, wherein separate and community property is defined, cannot be successfully questioned, for the obvious reason that prior to the passage of such act the husband by express terms of the statute law was made the possessor and controller of his wife's property, both community and separate, during marriage. We do not mean, however, to be understood as asserting that a wife could not at all times prior to, as well as since, the passage of the act referred to, sue her husband for the protection of her separate property in his possession against damage or waste threatened by the wrongful acts of the husband, or his declared intention to use the same to her damage. We do not think there has ever been a rule of law established in this state which prohibited a wife from resorting to the equitable powers of our courts to prevent the husband, in whose possession the law had placed her separate property, from so dealing with the same as would result in its waste or material damage, or to cast a cloud upon her title thereto, but on the contrary we think it well settled in this state that the wife may sue the husband for the protection of her separate property in his possession. Dority v. Dority, 96 Tex. 222, 71 S. W. 950, 60 L. R. A. 941; Fox v. Fox, 179 S. W. 886; Heintz v. Heintz, 56 Tex. Civ. App. 403, 120 S. W. 941, and authorities therein cited.

We think it well settled by the cases cited that, besides actions for divorce, a wife may maintain a suit against her husband for the recovery of her separate estate wrongfully converted by him, and also to have a resulting trust declared in her favor in lands claimed by her in her own right in his possession, her title to which he is disputing, and to which he is asserting title in himself adverse to her.

[3] In the case of Dority v. Dority, supra, it is held by our Supreme Court that when the husband by nonperformance of his duties and abuse of his powers has defeated the purposes of the law in conferring upon him the right to manage the wife's property, that right should not be permitted to stand in the way of the right of the wife to sue him for the protection of her property. The right of the wife in the instant case to sue her husband to quiet her title to the land claimed by her as her separate property and to which appellant is asserting title adverse to her, however, no longer depends upon rights accruing to her as the result of the

wrongful acts of the husband hereinbefore mentioned. By an act of the Thirty-Third Legislature of 1913 (Acts 33d Leg. p. 61), separate and community property of husband and wife is defined, and it is provided therein that the wife shall have the sole management, control, and disposition of her separate property, both real and personal: Provided, however, the joinder of the husband in the manner now provided by law for conveyance of the separate real estate of the wife shall be necessary to an incumbrance or conveyance by the wife of her lands. It is also provided that the rents from the wife's separate real estate shall not be subjected to the payment of debts contracted by the husband. It is thus apparent that since the act mentioned became a law, the husband is no longer, as a matter of law, in possession or control of his wife's separate estate, and can no longer hold the same against her will, and should he now undertake to do so we can see no legal reason why the wife may not maintain a suit against him for the possession of the same. Nor do we see any legal reason why she should not be permitted to sue him to quiet her title to her land if he be in possession of said property and asserting title thereto adversely to her, without being required to bring a suit for divorce.

[4] There is no statement of facts with the record and in the absence of such we must presume that the facts proven upon the trial support the finding of the jury and the judgment rendered by the trial court.

We have read and considered all of appellant's assignments, and what has been said disposes of all of them.

We find no error committed by the trial court in the trial of this cause, nor in the judgment there rendered; such judgment is therefore affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes