pellant's testimony. It was the province of the court to determine the credibility of the parties and the weight to be given their testimony. Article 4633, R. S. 1925. This the trial court did in favor of the appellee. Certainly there is not such "full and satisfactory" evidence in the record as would authorize us to disturb the trial court's findings and judgment.

The judgment of the trial court is therefore affirmed.

Affirmed.

## NEW AMSTERDAM CASUALTY CO. v. HARRINGTON. (No. 11998.)

Court of Civil Appeals of Texas. Fort Worth.
Oct. 13, 1928.

Rehearing Denied Nov. 24, 1928.

## BLACKMON v. BLACKMON. (No. 7284.)

Court of Civil Appeals of Texas. Austin.
Nov. 14, 1928.

Louis Wilson, of Dallas, for appellant.
Thompson, Knight, Baker & Harris and Jack F. Hyman, all of Dallas, for appellee.

BAUGH, J. Appellant sued appellee for divorce, alleging abandonment and cruel treatment. Appellee contested the suit. The case was tried to the court without a jury, and the divorce was denied. From this judgment he has appealed, and asks this court to grant the divorce.

Both appellant and appellee testified. She either positively denied or reasonably explained the charges made by him. There was evidence strongly indicating that appellant abandoned appellee, rather than that she abandoned him. Numerous letters are also in the record, contradicting and discrediting ap-