## BETTIS v. BETTIS.
### No. 3188.

Court of Civil Appeals of Texas. El Paso.
May 9, 1935.

Rehearing Denied May 30, 1935.

Silliman, Johnson & Crumpton, of Fort Stockton, for appellant.

Roy. R. Priest, of Rankin, and Kerr & Gayer, of San Angelo, for appellee.

PELPHREY, Chief Justice.

Appellee filed this suit against B. H., L. W., and Elmo Bettis. B. H. and L. W. Bettis resided in Brown county, Tex., while Elmo was a resident of Pecos county. L. W. Bettis is the husband of appellee, but is named as defendant in the suit. The suit was to recover certain real property and improvements thereon located in Pecos county; for rents alleged to be due her for the use thereof; and for a partition of an alleged partnership in a store building at Iraan, Tex.

Appellee alleged that she had requested her husband on numerous occasions to join her in the prosecution of the suit, but that he had refused; that she and her husband purchased lot 15 in block 11, in the town of Iraan, together with the improvements thereon, consisting of a 1-story business building and residence, all being under one roof; that said property was the community property of herself and husband and constituted the family homestead; that on or about the 24th day of February, 1930, the defendants unlawfully entered upon and dispossessed her of said property, and thereafter withheld same from her; that they retained such unlawful possession for 48 months, and that the reasonable rental value of the premises was $50 per month, for which she sued; that on or about the date alleged they unlawfully conspired to defraud her out of her rights in the aforesaid property, and that in pursuance of such conspiracy they made certain false and fraudulent representations to her to induce her to execute a deed to the property in question to B. H. Bettis; that relying upon such representations she did execute such deed which it was agreed should not be recorded, and which deed she never acknowledged as provided by law.

She further sought to recover an interest in a stock of goods alleged to belong to a partnership of which she was a member.

Defendants answered by a plea in abatement, general exception, specially excepted to appellee's petition because it did not contain an allegation that she was separated from her husband; that he had abandoned her, or that she was entitled to the sole possession and control of the property, generally denied the allegations of the petition; specially denied the allegations as to partnership; pleaded not guilty to the allegations of trespass to try title, and specially pleaded the 2, 3 and 4 year statutes of limitations.

In response to special issues submitted, the jury found that: (1) Appellee had requested her husband to join her in the suit; (2) that Elmo and L. W. Bettis procured appellee's signature to the deed upon false and fraudulent representations as to its purpose; (3) that appellee did not acknowledge the deed before the notary; (4) that it was understood and agreed between appellee and Elmo and L. W. Bettis that the deed should remain in the safe unrecorded; and (5) that the rental value of the property was $50 per month.

Judgment was rendered that appellee take nothing as to the stock of goods; that she recover of and from B. H. Bettis all of the real estate, together with the sum of $1,200 as rent; and that the deed executed by her and her husband to B. H. Bettis be canceled. B. H. Bettis only has appealed.

### Opinion.

The errors presented by appellant are: (1) That the court erred in overruling their plea in abatement and special exception; (2) that the court erred in permitting appellee's counsel to make the statement to the jury that there was a conspiracy between the three defendants to rob appellee and her baby of their home, and that L. W. Bettis had not attempted to provide for his wife and child; (3) that the court erred in rendering judgment for the $1,200 as rent, there being no evidence to support such

judgment or to warrant the submission of an issue thereon; (4) that the court erred in rendering judgment for appellee, the evidence being insufficient to overcome the recitals in the notary's certificate to the deed from appellee and her husband to B. H. Bettis; and (5) that the court erred in permitting appellee to testify as to the rental value of the property.

The plea in abatement and special exception based upon the fact that appellee was á married woman and that her husband was not joined with her in the suit as plaintiff were properly overruled.

A wife can sue her husband directly whenever necessary for the protection of her property rights, whether separate or community in nature, Speer's Marital Rights (3d Ed.) § 504, p. 69, and wife can sue alone where husband is made party defendant, 23 Tex. Jur. § 286, pp. 326, 327.

The argument which is now made the basis for propositions Nos. 2, 3, and 4, was: "This triumvirate (pointing to defendants) conspired together to rob this little woman and her baby of their home, and Mr. L. W. Bettis, her husband and the father of her child, was in it and the testimony shows that he didn't even attempt to support and provide for his wife and baby, but he just neglected them and let them get along the best way they could."

The objection made was that there was no evidence to support it, and that it was calculated to prejudice the rights of the defendants and to affect the jury's answers to the issues.

We need cite no authorities to support the proposition that counsel may argue the evidence in the case and draw any reasonable inferences therefrom.

Therefore, if there was any evidence here showing that L. W. Bettis did not attempt to support his wife and child or any evidence from which such a fact could be inferred, the argument would be proper.

Mrs. Bettis testified that at one time she was working in a grocery store and making a living for both her husband and baby; that when she asked her husband to see his father about letting them have their interest in the store, he said he would not file a suit against his father; that when she told him she would, he told her to try it and see how far she got; that at that time, she did not have anything to eat, and that he· said he would not help her; and that she had to get the money from her parents, with whom she was living, to file this suit.

The facts, we feel, were sufficient justification for the statement. Appellant now objects to the argument on the ground that it erroneously charged him with being a member of the conspiracy.

No such objection was urged to the argument in the trial court, and the bill of exceptions contains no such objection. In the absence· of a bill of exceptions raising the questions, we cannot consider it. 3 Tex. Jur. § 407, p. 581.

Whether or not the qualification of a witness is sufficiently established is a matter resting largely in the discretion of the trial court whose determination is usually final and will not be disturbed. 22 C. J. § 610, pp. 526, 527; 11 R. C. L. § 8, p. 574. We cannot say here that the court so far abused his discretion in holding Mrs. Bettis qualified to testify as to the rental value of the property, as would justify us in reversing the judgment. Mrs. Bettis' testimony as to rental value, having been admitted, was sufficient to support the jury's finding, and her· failure to specify in her testimony that the rental value was $50 per month would not affect its sufficiency. There was evidently no misunderstanding in the minds of either party, the court, or jury, as to her meaning. No objection to the submission of the issue on this ground was urged below.

While the general rule is that the uncorroborated testimony of an interested party is insufficient to overcome recitals in a notary's certificate to a deed, such is not the case where the party did not, or there is evidence to show that he did not, appear before the notary. Robertson v. Vernon (Tex. Com. App.) 12 S.W.(2d) 991. And the certificate of the notary to the separate acknowledgment of the wife is not conclusive in cases where there are allegations and proof of fraud or imposition. Kocourek v. Marak, 54 Tex. 201, 38 Am. Rep. 623; Hartley v. Frosh, 6 Tex. 208, 216, 55 Am. Dec. 772; Shelby v. Burtis, 18 Tex. 644, 651; Williams v. Pouns, 48 Tex. 141, 146; McGee v. Tinner, 61 Tex. Civ. App. 347, 129 S. W. 866.

This case falls within both exceptions, and the assignment is accordingly overruled.

Appellant's eighth proposition, being merely to the effect that the court erred in admitting irrelevant, immaterial, and

prejudicial testimony which was calculated to and did mislead the jury and cause them to answer the issues in favor of appellee and against appellant, is too general to call for consideration. To properly pass upon such a proposition would require a search of the entire statement of facts, something which, even under our very liberal rules, an appellate court is not required to do.

The judgment of the trial court is affirmed.