## LLOYD v. LLOYD.

No. 3222.

Court of Civil Appeals of Texas. Beaumont.

July 20, 1937.

Russell & Edwards, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

COMBS, Justice.

This suit was brought by the appellee, as plaintiff, as an action for divorce on the ground of cruel treatment. In addition to general allegations of cruelty rendering living together as husband and wife insupportable, she alleged that defendant was a young man forty-eight years old; that plaintiff was seventy-seven; that defendant had deserted her and took up cohabitation with another woman. The defendant answered generally and by cross-action sought to recover a community half interest in an alleged community estate of $6,000.

It appears that plaintiff and defendant were first married in 1929. They were divorced in 1932. They remarried in 1933. Plaintiff is aged and infirm but possessed of a comfortable estate consisting of rental property and money which she loans. Defendant sought to show that from rentals and interest on loans, plaintiff had accumulated a community estate of about $6,000 from the time of the first marriage in 1929, to which the plaintiff replied that all property rights of the first marriage were settled at the time divorce was granted in 1932. And further, that losses on bad loans, expenses of upkeep of her property, etc., had amounted to far more than the income and there was no community estate; that in truth she had lost about $10,000, part of which loss was due to the forging of checks on her account by the defendant, and the unauthorized collection and spending by him, of rentals belonging to her.

A trial to a jury resulted in findings favorable to plaintiff on all issues and judgment.

### Opinion.

Plaintiff's petition alleging cruel treatment as a ground for divorce was good as against the contention raised by general demurrer that the allegations of cruelty were too general, vague, and indefinite. Specification of the acts of cruelty except in the general terms of the statute (Vernon's Ann.Civ.St. art. 4629) is no longer required as against a general demurrer. McCullough v. McCullough, 120

1048

Tex. 209, 36 S.W.(2d) 459; Green v. Green (Tex.Civ.App.) 45 S.W.(2d) 331; Renfro v. Renfro (Tex.Civ.App.) 80 S.W.(2d) 348.

▌▌ The trial court did not commit reversible error in framing the issues of cruel treatment submitted to the jury in general terms rather than splitting them up into various evidentiary elements. The issues as framed conformed to the basic ground of divorce as pleaded. The jury's findings based thereon fully support the judgment for divorce. Likewise the evidence was ample to support the findings. We will add that in a divorce case the trial judge is clothed with more discretionary power in determining the sufficiency or insufficiency of the evidence to warrant the decree than perhaps in any other form of action. Such being the case the form of the issues submitting the grounds of divorce should not be examined with the critical severity resorted to in other forms of actions to determine whether the opposing party was entitled to have them split up into various evidentiary elements. It should be sufficient that the controlling issues pleaded as grounds of divorce be fairly submitted in the terms in which they are pleaded. There was a jury finding, amply supported by the evidence, that plaintiff and defendant compromised and settled the property issue at the time the former divorce suit was tried in 1932. That finding disposed of all but a small part of the defendant's claim.

▌▌ But aside from that, plaintiff's plea for a decree awarding him a community half interest in approximately $6,000 deposited in various banks to the credit of the plaintiff was properly denied on the verdict of the jury to the effect that such funds were not community funds but belonged to the plaintiff. The evidence tended to show that various sums for rentals on her separate lands and interest on loans of her separate funds had been collected by the plaintiff from the time of the first marriage to the defendant in 1929 up to the time of the filing of the suit, aggregating about $6,000. But there was also evidence that during the same time she sustained losses due to bad loans and other causes exceeding the amount collected. Under that proof there was no community estate. The jury accepted the evidence as true. The funds sued for as community were on deposit in banks to the credit of the plaintiff. They were therefore presumed to be the separate property of the plaintiff. Vernon's Ann.Civ.St. art. 4622. It was for the defendant to establish their community character in order to recover. At most, his evidence but raised an issue which the jury decided against him.

The judgment of the trial court is affirmed.