## KREITER v. KREITER.

No. 10932.

Court of Civil Appeals of Texas. Galveston.

Feb. 21, 1940.

Heidingsfelder & Wander and H. G. Hart, all of Houston, for appellant.

T. B. Blanchard, of Houston, for appellee.

MONTEITH, Chief Justice.

Appellant, B. O. Kreiter, sued appellee, Ruth Kreiter, for divorce, alleging cruel treatment, personal violence, and abusive epithets on the part of appellee. Appellee contested the suit. Upon trial before the court without a jury, judgment was rendered denying the divorce. From this judgment appellant has appealed, setting up as his sole ground for reversal that the trial court erred in holding that the evidence failed to support the allegations of the petition.

The appellant testified to numerous acts of cruelty on the part of appellee. Appellee either positively denied these charges or reasonably explained them. There is also evidence in the record tending to prove that the acts complained of by appellant were induced by the physical and mental condition of appellee, over which she had no control.

It is uniformly held in this state that, under Article 4632 of the Revised Statutes of 1925, a trial court is authorized to render judgment granting a divorce only upon full and satisfactory evidence sustaining the allegations of the petition. It is further held that in a divorce case the court is clothed with more discretionary power in determining the sufficiency or insufficiency of the evidence to warrant a decree than perhaps in any other form of action, and that an appellate court may not revise that discretion in the absence of a showing of a clear abuse thereof on the part of the trial court. Lloyd v. Lloyd, Tex.Civ.App., 107 S.W.2d 1047; Scannell v. Scannell, Tex.Civ.App., 117 S. W.2d 538; Blackmon v. Blackmon, Tex. Civ.App., 11 S.W.2d 533.

In the instant case the judgment of the trial court, which was rendered on sufficient evidence after a full hearing on the facts, must be construed as an affirmative finding that there was not such "full and satisfactory" evidence in the record as would authorize the granting of the divorce sought by appellant. Under the above authorities this court is not authorized, under this record, to disturb the findings and judgment of the trial court.

The judgment is, therefore, affirmed.

Affirmed.