**616**

## HOWELL v. HOWELL.
### No. 11921.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1947.

Rehearing Denied Dec. 11, 1947.

W. H. Betts, of Hempstead, for appellant.

Merrill & Scott, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Alma Sorsby Howell, for divorce from her husband, A. S. Howell, Sr., on the grounds of such cruel treatment and outrages on the part of appellee as to render their living together as husband and wife insupportable. On the trial of the case, appellant testified to numerous acts of cruelty on the part of appellee, including the fact that appellee had cursed and abused her in front of her son, Scott Howell. Appellee answered by a general denial, and on the trial, he either positively denied the acts of cruelty testified to by appellant, or reasonably explained them. No witnesses were called by appellant to corroborate her testimony, and her son, Scott Howell, who

was called as a witness by appellee, denied that the acts testified to by appellant had occurred in his presence.

On the trial of the case, a jury, in answer to a special issue submitted, found that the acts and conduct of the defendant toward the plaintiff did not constitute such excesses, cruel treatment or outrages as to render their living together as husband and wife insupportable. Pursuant to this verdict of the jury, the trial court rendered judgment denying the divorce.

■ It has been uniformly held by the courts of this state that in a divorce case, the trial court is clothed with more discretionary power in determining the sufficiency or insufficiency of the evidence adduced to warrant a decree than perhaps in any other form of action, and that an appellate court may not revise that discretion in the absence of a showing of a clear abuse thereof on the part of the trial court. Lloyd v. Lloyd, Tex.Civ.App., 107 S.W.2d 1047; Scannell v. Scannell, Tex.Civ.App., 117 S. W.2d 538; Blackmon v. Blackmon, Tex. Civ.App., 11 S.W.2d 533.

■■ In the case of Scannell v. Scannell, supra, the court in its opinion said [117 S.W.2d 543]: "It has been held many times in this state that under our statutes, the court will render judgment only upon full and satisfactory evidence sustaining the allegations of the petition, as provided in Article 4632, R.C.S. The courts are not bound even by a finding of a jury; they are only advisory, * * *. The appellate courts may not revise that discretion in the absence of a clear abuse by the trial court. In the nature of our present procedure, these matters have seldom reached the Supreme Court."

■ In this case, the trial court chose to submit to the jury the one ultimate controlling issue of fact, namely, whether the conduct of appellee toward appellant had been such as to render their living together as husband and wife insupportable, rather than submit each evidentiary fact and then group them himself after the jury had returned its answer. Austin v. DeGeorge, Tex.Civ.App., 55 S.W.2d 585; Service Mutual Ins. Co. of Texas v. Territo et al., Tex.Civ.App., 147 S.W.2d 846; City of Abilene v. Moore, Tex.Civ.App., 12 S.W.2d 604, writ refused. The issue as framed conforms to the basic ground of divorce procedure in divorce trials and the answer thereto is amply supported by the evidence.

Under the rule that in a divorce case the trial court is clothed with more discretionary power in determining the sufficiency or insufficiency of the evidence to warrant the decree than perhaps in any other form of action, the courts are not bound even by the finding of a jury, which are, in divorce cases, only advisory. Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538.

■ In a divorce action the form of the issue submitting the grounds of divorce should not be examined with the critical severity resorted to in other forms of actions to determine whether the opposing party is entitled to have them split up into various evidentiary elements. It should be sufficient that the controlling issues pleaded as grounds of divorce be fairly submitted in the terms in which they are pleaded. Lloyd v. Lloyd, Tex.Civ.App., 107 S.W.2d 1047.

■ In this case there was a jury finding, amply supported by the evidence, finding, in substance, from a material conflict of the evidence, that the acts and conduct of the defendant toward the plaintiff did not constitute such excesses, cruel treatment, or outrages of such a nature as to render their further living together as husband and wife insupportable.

This finding, after a full hearing on the facts, must be construed as an affirmative finding that there was not such "full and satisfactory evidence" in the record as would authorize the granting of the divorce sought by appellant.

■ Taking into consideration the type of this case, the finding of the jury, and the rendering of judgment on what we deem to be full and satisfactory evidence, it follows that in our opinion the judgment of the trial court should be in all things affirmed.

Affirmed.

GRAVES, J. dissents.

CODY, Justice.

I concur in the conclusion of Chief Justice MONTEITH that no reversible error was committed in the submission of the case to the jury, and that the judgment should be affirmed.

GRAVES, Justice (dissenting).

This suit was instituted by Alma Sorsby Howell, appellant, against A. S. Howell, Sr., appellee, in which she sought a divorce on the alleged ground of excesses, cruel treatment, and outrages, on the part of appellee, of such a nature as to render the appellant's and appellee's further living together, as wife and husband, insupportable.

Appellee answered by general and special denials.

On trial, before a jury demanded by appellee, upon its answer to the first one of what the court submitted as "special issues", to which appellant duly excepted, judgment was rendered denying appellant a divorce; the court independently further found that appellant had brought this suit in good faith, and on probable cause, and awarded a recovery for attorney's fees.

Appellant's motion for a new trial was overruled; and she perfected this appeal.

The appellant at great length and in much detail, inclusive of the dates and locations and periods of time over which the occurrences were alleged to have extended, declared upon such suit for a divorce, pursuant to Section 1, of Article 4629, of Vernon's Revised Civil Statutes, as follows: "(1) Where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable."

She further adduced testimony in support of a large number of her detailed averments of the treatment and course of conduct upon her husband's part that she so declared and depended upon for the establishment of her asserted right to divorce from him, under the quoted statute.

Following submission and oral argument here, this member of the Court has examined the statement of facts brought up with the record reflecting that testimony, and, in the performance of his duty to re-examine the record and the evidence in divorce cases (DeFierros v. Fierros, Tex. Civ.App., 154 S.W. 1067, Caldwell v. Caldwell, Tex.Civ.App., 176 S.W.2d 758, 759 (1), he has concluded that, unmistakably, the testimony appellant so adduced, which was corroborated in at least some material respects, raised issues of fact, which—taken with her stated pleadings for divorce that also properly alleged a cause of action therefor in her behalf—would have supported—if not, indeed, compelled—findings by the jury to the effect that her controlling averments as to such claimed cruel treatment were true.

In this state of the pleadings and testimony, the trial court thus submitted—in so far as deemed material—what it termed "Special Issues" to the jury:

"Special Issue No. 1—Do you find from a preponderance of the evidence that the acts and conduct of the defendant toward the plaintiff, if any, constituted such excesses, cruel treatment, or outrages, of such a nature as to render their further living together as husband and wife insupportable, as that term is hereinafter defined in this charge?

"You will answer 'It did', or 'It did not.'

"By the term 'insupportable' is meant incapable of being supported, or borne, unendurable, intolerable, insufferable.

"If you have answered Special Issue No. 1 'It did', and only in that event, then you will answer the following special issues."

As indicated, the appellant had duly excepted to such issue and such instruction, on the ground that it was improper as constituting a general charge, as being on the weight of the evidence, as advising the jury in advance of what would be the ultimate result of their answer to so-called Special Issue Number 1, which was the sole inquiry as to the cruel treatment alleged; further, that it, under the form of a special issue, improperly thereby limited the whole case under all the averments and the testimony affecting the appellant's claim for divorce, and, in over-all effect, flatly told

the jury its answer to that question, "it did not", would dispose of the whole controversy.

In this Court appellant, among others, in inveighing against the judgment so adverse to her below, presents these 2 points of error:

"Point 2—The pleadings and evidence of plaintiff, being sufficient to justify and support findings of several acts of personal violence on the part of defendant toward plaintiff, it was error for the Court to submit but one issue only, inquiring of the right of plaintiff to a divorce."

"Point 5—It was error for the court to refuse the request of plaintiff that the court instruct the jury, in connection with a 'Special Issue', which, as submitted, was determinative of all issues-of-fact and law, that the jury might, in arriving at its answer thereto, consider all of the several excesses, outrages, and acts of cruel treatment, if any, on the part of defendant toward plaintiff, when numerous such acts were in evidence."

These contentions should have been sustained, and are thought to be supported by these, among other Texas authorities, which might be cited, to-wit: Grasso v. Cannon Ball Motor Freight Lines, 125 Tex. 154, 81 S.W.2d 482, 487; Humble Oil & Refining Co. v. McLean, Tex.Com.App., 280 S.W. 557; Jones v. Jones, 60 Tex. 451; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, 521; 41 Tex.Jur. 1185, Sec. 328.

The sole decision—Lloyd v. Lloyd, Tex. Civ.App., 107 S.W.2d 1047—cited by the appellee in his brief for his contrary contention that, "The only issue on grounds for a divorce made by the pleadings, or evidence, was under subdivision 1 of Art. 4629, Vernon's Ann.Civ.St. of Texas, and, consequently, but one issue on the right of plaintiff to a divorce was in the case, and it was not necessary to submit evidentiary, split-issues, thereunder," does not support him, upon the legal equivalent of the facts in the case at bar.

Indeed, what the Court held in the Lloyd case was this: "Plaintiff's petition alleging cruel treatment as a ground for divorce was good as against the contention raised by general demurrer that the allegations of cruelty were too general, vague, and indefinite. Specification of the acts of cruelty except in the general terms of the statute (Vernon's Ann.Civ.St. Art. 4629) is no longer required as against a general demurrer."

Aside from the fact that the procedural holding there made has now become functus officio by the abolishment of the general demurrer under Rule 90, Texas Rules of Civil Procedure, that court goes on to recite that in that case the issues, not the issue, as framed, conformed to the basic ground of divorce as pleaded, and that the jury's findings, which were on sufficient evidence, fully supported the judgment there rendered for a divorce. So that, the submission there having been on plural issues, instead of a single one as here, in final effect, that holding did not differ from the one here now urged.

To the "special issue" quoted, the trial court appended two others, numbered 2 and 3, the one inquiring about a community property matter, and the other about what might be a reasonable attorney's fee for the appellant's attorney; but these two subjoined inquiries were specially conditioned, as the copied recital has shown, upon the jury's having answered number 1, supra, "It did"; hence, they were not answered at all, because the jury answered number 1, "It did not".

The court's judgment denying the appellant the divorce was rendered exclusively "upon the said verdict and findings of the jury in favor of the defendant."

There can be no doubt, therefore, that the whole case, as made for the appellant by her stated pleadings and testimony in support thereof, under the "Special Issue No. 1," as given by the court, was turned over to the jury's arbitrament, wholly upon what it might choose to find on the court's sole inquiry to it of whether—in its judgment—the acts and conduct of the appellee toward appellant during such extended period of years had been such "as to render their further living together as husband and wife insupportable."

In this member's opinion, such charge not only violated the special issues statute of Texas, Rule 279, Texas Rules of Civil

Procedure, but further did not comply with the duty enjoined upon the court by Article 4632, Vernon's Revised Statutes, providing, "* * *. the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Either party may demand a jury."

In other words, the court not only did not require the jury to pass upon all the controlling and ultimate issues raised in appellant's favor by her pleadings and evidence, but it further—on the coming in of the jury's finding simply that there had. been no treatment of such a nature as to render the husband's and wife's living together insupportable—did not pass upon the evidence, nor affirm the material facts alleged in the appellant's petition, by merely adopting the jury's judgment as being final upon the whole cause.

The ground for a divorce vouchsafed by quoted Sec. 1 of Art. 4629 comprehends two inherent elements, each involving an issue of fact, separate and distinct: first, were there excesses, cruel treatment, or outrages, perpetrated by the one upon the other, and second, had these been of such a nature as to render the further living together of the parties insupportable. Just as, in actionable negligence, there must initially be found the derelictions themselves, and next, whether they were of such character as to have constituted a proximate cause of the consequent injury. Western Gulf Petroleum Corporation v. Frazier Jelke & Co., Tex.Civ.App., 163 S.W.2d 860, error refused; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264.

It is no answer to appellant's position to say that the appellee denied all of her charges—that just made an issue of fact between them. Moreover, in facts like those here, although there were a number of corroborative features, including testimony of the appellee and the son of the parties to the effect that she had not testified falsely, her testimony was not dependent upon corroboration, since the trial court could have granted her a divorce upon it alone. Tinnon v. Tinnon, Tex.Civ.App., 278 S.W. 288; Bell v. Bell, Tex.Civ.App., 135 S.W.2d 546; Mayen v. Mayen, Tex.

Civ.App., 177 S.W.2d 240; Martensen v. Martensen, Tex.Civ.App., 186 S.W.2d 297; Kreiter v. Kreiter, Tex.Civ.App., 137 S.W. 2d 184; Pybus v. Pybus, Tex.Civ.App., 147 S.W.2d 512.

The judgment should have been reversed and the cause remanded for a new trial.