Dorothye K. WINTERS, Appellant,

v.

Elmer WINTERS, Appellee.

No. 6519.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 26, 1955.

Culton, Morgan, Britain & White, Amarillo, for appellant.

Grady Fox, Amarillo, for appellee.

PITTS, Chief Justice.

This is an appeal from a judgment denying a divorce upon a jury verdict returned in the trial court. Appellant, Dorothye K. Winters, filed suit against her husband, appellee, Elmer Winters, seeking a divorce on alleged grounds of harsh, cruel and unkind treatment and further alleged the existence of a community estate and the birth of three children to the marriage, of ages 18, 11 and 7 years, the youngest being a boy and the two older ones being girls, and that the parties were married on March 28, 1929, and separated on June 21, 1954. Appellee denied generally appellant's alleged grounds for divorce and charged that appellant's association with a man by the name of Carl Maberry was the sole cause of any and all troubles between appellant and appellee.

The case was tried to a jury upon three special issues submitted but only the first special issue is material here. The first special issue, together with the jury's answer thereto, was expressed in the following language:

"Do you find from a preponderance of the evidence that the defendant, Elmer Winters, has been guilty of excesses, outrages or cruel treatment, of and toward the plaintiff, Dorothy Winters, of such nature as thereby to render their further living together as husband and wife insupportable: Answer Yes or No.

"Answer: No."

It has been held that in the event a jury finds that no such harsh and cruel treatment has been committed as charged, the trial court is without authority to grant a divorce. Whitsett v. Whitsett, Tex.Civ.App., 201 S.W.2d 114, and other authorities there cited. Under these authorities an affirmative finding of a jury upon the issue of divorce is not binding upon the trial court but is advisory only. But a negative jury finding on the issue of a divorce is restrictive and binding on the trial court. Consequently a negative jury finding on the issue of divorce such as is shown in the case at bar is material.

Appellant in effect has challenged the jury verdict upon which the trial court's judgment is based upon the grounds that such a verdict was returned by the jury, in part at least, as a result of incompetent, prejudicial and hearsay testimony improperly admitted by the trial court over her repeated objections. The record reveals that appellee's witness, Irving King, testified upon direct examination that he is appellant's brother and that after appellant and appellee had separated Carl Maberry, the man appellee charges has caused the trouble between him and his wife, came to the field where he (the witness) was work-

ing and the two of them, while alone, discussed the troubles of appellant and appellee at length. Then over the objections of appellant the witness further testified as to much of his conversation with Maberry. He testified in effect that Maberry there repeated to him the charges about the trouble between the parties; that he told Maberry if he would leave Dorothye (appellant) alone, the trouble would be over; that Maberry said there was nothing wrong with the conduct of himself and Dorothye; that they had seen each other occasionally and there was nothing wrong with their seeing each other; that he asked Maberry to stay away from Dorothye, but he said he would not but intended to continue seeing her.

■■ Conversations between a witness and a third party, in the absence of either party to the suit, concerning material matters in a case pending, are not admissible as evidence and such has been repeatedly condemned by our courts as improper evidence. Soria v. American National Ins. Co., Tex.Civ.App., 57 S.W.2d 321, and other authorities there cited. Neither the witness King or Carl Maberry is a party to this action. Yet King was permitted to testify concerning the contents of his conversation with Maberry, in the absence of either party to the suit, and about material matters in the case pending. The effect of such testimony was to get before the jury statements not sworn to and based wholly upon hearsay. Such is particularly true of the statements the witness King said Maberry made to him. It is highly probable that such testimony coming from appellant's brother, although improperly admitted, had much weight with the jury in answering Special Issue No 1.

■ Appellee's witness, Ray Converse, Jr., testified that he operated the Acme Detective Agency, with his office in Amarillo, Texas. Over the objections of appellant the witness testified that appellee told him how his home was about to be broken up and hired him as a detective. Then he further testified over objections that,

"We were hired for the specific purpose, after a long conversation, to attempt to rehabilitate and re-establish Mr. Winters' home. This idea has been successful with hundreds of parties; and the idea is to shock a party that is carrying on misconduct back into a realization that such can not be done. I probably gave Mr. Winters quite a serious talk along that line, and I had records to prove similar cases."

In our opinion the testimony just quoted was obviously highly prejudicial and improper. We have no doubt but what it was considered by the jury and influenced its verdict.

In support of his contentions that such testimony as has been here mentioned was admissible, appellee relies upon the rule which requires full and satisfactory proof in support of the issue of divorce. But in our opinion the evidence in support thereof must likewise be competent.

■ The witness, Ray Converse, Jr., testified that appellee employed him on June 3, 1954, to follow, watch and observe the acts and conduct of appellant in connection with her association with Carl Maberry and that he began his professional observances of them on the following day and continued them for some time thereafter. As a witness he related seven different instances when he observed the said parties together. He further testified in effect that at each time he saw them he made written notes or memoranda of his observations of the said parties on each occasion and had such notes with him when he testified. In his direct testimony the witness used his said notes or memoranda to refresh his memory in giving testimony. After giving his direct testimony appellant asked permission to see, examine and use the same notes and memoranda in cross-examination of the witness, to which request appellee objected. The trial court sustained appellee's objections and refused to permit appellant or her attorney to examine or use such notes or memoranda in the cross-examination of

the witness. Appellant charges that such a ruling of the trial court constituted reversible error. This assignment may not be material since reversible error has already been shown.

But, be that as it may, generally notes or memoranda personally made by the witness at or near the time of the transactions concerning the matters about which the witness is called to testify may be used to refresh his memory. However,

"The adverse party is entitled to have memoranda or other documents used to refresh the memory of a witness, or from which the witness testifies without any independent recollection of the facts, submitted to him to be used for purposes of cross-examination." 44 Tex.Jur. 1140–41, Sec. 144.

"The party, or his counsel, against whom the witness testifies has a right to see a writing used by the witness to refresh his memory if it is in court * * * The witness may be compelled to submit the writing to inspection or produce it in order that opposing counsel may have the use of it on cross-examination * * *" 70 C.J. 597–8, Sec. 769(9).

In our opinion the issue or question here presented is more clearly answered as a result of a similar situation reported by the Fifth Circuit Court of Appeals of the United States in a case on appeal from the Northern District of Texas styled Montgomery v. United States, 203 F.2d 887 and 894. In that case a special government agent was investigating appellant's activities in connection with his income tax returns, during which time he contacted appellant 12 or 15 times about the matter. On each occasion the said agent made notes concerning what transpired and transcribed said notes later. The said agent as a witness began using the said notes to refresh his memory in giving direct testimony in the case. Appellant's counsel objected to such use of the said notes unless appellant would have the privilege of examining the

said notes and using them upon cross-examination of the witness. Such objection was overruled by the trial court and the witness continued using the notes. After the direct examination was completed and before cross-examination of the witness, appellant again requested the right to examine the said notes but was again overruled. Concerning this matter the appellate court said in part:

"The law is now well settled that where a witness while he is on the stand uses any paper or memoranda to refresh his memory in giving his testimony, the opposing side, upon proper demand, has a right to see and examine that paper or memoranda and to use the same in cross-examination of the witness. Morris v. United States, 5 Cir., 149 F. 123, 126, 127; Lennon v. United States, 8 Cir., 20 F.2d 490, 493; Little v. United States, 8 Cir., 93 F.2d 401, 406."

The court there held that to deny the opposing party the right to examine and use such notes or memoranda under such circumstances to cross-examine the witness constituted reversible error.

Several text writers have approved the rule here in question and courts of other jurisdictions, including some of the courts of Texas, have observed the said rule.

In the case of Green v. State, 53 Tex. Cr.R. 490, 110 S.W. 920, 22 L.R.A.,N.S., 706, the court observed the rule previously herein announced. The court there cited and quoted at length from the case of State v. Bacon, 41 Vt. 526, 98 Am.Dec. 616, wherein the Vermont court said in part:

"Text writers treating the subject seem to entertain this view: 'If the memory of the witness is refreshed by a paper put into his hands, the adverse party may cross-examine the witness upon that paper.' 1 Greenl.Ev.Syl. 476. 'It is always,' says Phillips (volume 1, p. 289) 'and very reasonable, when a witness speaks from memoranda, that the counsel should have an

opportunity of looking at them when he is cross-examining the witness.' And Starkie (volume 1, p. 179) asserts the same doctrine. He remarks: 'The witness may be cross-examined from it.' See, also, part 1, Cowen & Hill's Notes (2d Ed.) 757; Rex v. Ramsden, 2 Car. & P. 603, 12 Eng. Com.L. 758."

The Texas Green case then discussed the rule at length and cites numerous cases in support thereof from many different jurisdictions. Such rule was also discussed and approved in the case of Kirkland v. State, 86 Tex.Cr.R. 595, 218 S.W. 367.

In our opinoin since an employed detective as a witness in the case at bar apparently made the notes or memoranda he was using for the purpose of testifying from them and giving minute details of the place, hour and minute he saw appellant and Maberry holding clandestine meetings on various occasions and since the witness brought such notes or memoranda with him to the trial court and did so use such notes so made, it is our opinion under the record here presented and the authorities cited that appellant should have been permitted in the case at bar to have examined the said notes and memoranda so made and to have used them, if desired, upon cross-examining the witness. There may be other different situations arising under different circumstances wherein notes, memoranda or records used to refresh the memory of a witness should not be examined by an adversary, perticularly if such examination would reveal secret matters about other different transactions which bore no relation to the matters being considered and which should not be revealed, but such was not shown to be true in the case at bar.

Because of the errors shown in the trial court procedure the judgment of the trial court is reversed and the cause is remanded.