**Raymond LETCHER, Appellant,**

**v.**

**Louise E. LETCHER, Appellee.**

**No. 14605.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 11, 1967.

Reid, Taylor & Murray, Jeff Davis, San Antonio, Sam Darden, Bandera, for appellant.

Pat Maloney, San Antonio, for appellee.

KLINGEMAN, Justice.

Action by Raymond Letcher, the appellant herein, against his wife, Louise E. Letcher, appellee herein, for divorce, partition and division of community property, and for an adjudication by the court that appellant is the owner of an undivided one-half interest in a certain 1451-acre tract of land, and that appellee is holding such one-half interest in trust for appellant. Appellee contested the suit for divorce, but asked the court to adjudge said 1451 acres to be her sole and separate property. The trial court held, as a matter of law, that said 1451-acre tract was the sole and separate property of appellee. Trial of the divorce matter was to a jury, who found that the appellee had not been guilty of excesses, cruel treatment, or outrages toward appellant of such a nature as to render their living together insupportable. Judgment was entered thereon denying the divorce and decreeing said 1451 acres to be the sole and separate property of appellee in fee simple absolute.

Appellant asserts: (a) that there is no evidence to support the jury's finding; (b) that there is insufficient evidence; (c) that the judgment rendered by the court based on the finding of the jury is contrary to the overwhelming preponderance of the evidence and is manifestly wrong and

unjust; and (d) that the judgment of the court based upon the finding of the jury is not substantiated by any evidence and is contrary to law and equity.

■ In order to justify the granting of a divorce in this State the evidence must be full and satisfactory. Art. 4632, Vernon's Ann.Civ.St.; Gentry v. Gentry, 394 S.W.2d 544 (Tex.Civ.App.—Corpus Christi 1965, no writ); Resendez v. Resendez, 282 S.W.2d 318 (Tex.Civ.App.—San Antonio 1955, no writ); Howell v. Howell, 206 S.W.2d 616 (Tex.Civ.App.—Galveston 1947), certified question answered, 147 Tex. 14, 210 S.W.2d 978 (1948); Kreiter v. Kreiter, 137 S.W.2d 184 (Tex.Civ.App.—Galveston 1940, no writ); Hickman v. Hickman, 20 S.W.2d 1073 (Tex.Civ.App.—Waco 1929, no writ).

We have carefully examined all of the testimony in the record. Both appellant and appellee are over seventy years old and had been married for more than forty years at the time suit for divorce was instituted. Appellant testified that appellee constantly nagged and fussed at him, and this made him nervous and affected his health; that appellee did not properly feed him or take care of his clothes; that she made him sleep in a small bedroom by himself; that for many years she had refused sexual relations with him; and he contended that his wife's refusal to reconvey to him an undivided one-half interest in the 1451-acre tract of land constituted cruelty. Appellee's testimony directly contradicted appellant's testimony. She testified that she did not nag or fuss at her husband; that she always provided him with food and took care of his clothes; that his staying in the single bedroom was by his own choice; and that she never refused him to her bed. Appellant's complaints as to some alleged acts of cruelty are supported by disinterested witnesses, but appellee's testimony is also corroborated by a number of disinterested witnesses.

■ The jury and the trial court had the opportunity to observe the manner, demeanor and deportment of the witnesses at the trial, and it was their function, and not ours, to determine the credibility of the witnesses and the weight to be given their testimony. Mortensen v. Mortensen, 186 S.W.2d 297 (Tex.Civ.App.—San Antonio 1945, no writ); 3 Speer, Law of Marital Rights in Texas § 908, pp. 363–364; 20 Tex.Jur.2d, Divorce and Separation, § 189 (1960).

■ Where a divorce has been refused by a trial court, the judgment should not be reversed unless it clearly appears from all of the testimony in the record that the trial court plainly erred in refusing the divorce. Hunter v. Hunter, 321 S.W.2d 92 (Tex.Civ.App.—El Paso 1959, no writ); Winters v. Winters, 282 S.W.2d 749 (Tex.Civ.App.—Amarillo 1955, no writ); Caldwell v. Caldwell, 176 S.W.2d 758 (Tex.Civ.App.—Amarillo 1943, no writ); Kreiter v. Kreiter, supra; Buckner v. Buckner, 27 S.W.2d 311 (Tex.Civ.App.—Beaumont 1930, no writ); 20 Tex.Jur.2d, Divorce and Separation, § 188 (1960); Speer, Marital Rights in Texas § 908, p. 363, (4th ed. 1961).

■ The findings of the jury and the court's judgment thereon denying the divorce are sufficiently supported by the evidence. Appellant's points of error Nos. 24, 25, 26 and 27 are overruled.

Appellant complains of the trial court's action: in failing to acknowledge the jury's communication that they could not arrive at a verdict; in instructing the jury to refer to the charge of the court in answer to their question, when said charge in itself did not have anything within it which would answer the jury's question; in failing to instruct the jury in accordance with Rules 286 and 287, Texas Rules of Civil Procedure, as requested by appellant; in withholding certain exhibits from the jury when they retired to consider their verdict, and from supplying such exhibits to

the jury when such fact was called to the court's attention.

It appears from the record that, after the jury retired to consider its verdict, the jury returned into court a note as follows: "Dates when Raymond Letcher asked for divorce, and also date when Raymond Letcher asked Louise Letcher for deed to be transferred back to him." The trial court answered such note with a written note to this effect: "You will be guided by the charge as given to you by the court." Appellant thereafter moved the court for additional instructions under Rules 286 and 287, to the effect that if the jury disagrees as to the statement of any witness, the jury may, upon applying to the court, have read to them from the court reporter's notes that part of such witness' testimony in dispute. The trial court did not deny such request, but signed a note giving such instructions as requested by appellant, and called the jury back in and told them that he understood they had been unable to reach a verdict, whereupon the foreman answered that they had reached a verdict, which said verdict was received by the court and the jury dismissed. It does not appear from the record that appellant made any objection to the receiving of the verdict.

Appellant asserts that some of the exhibits were not sent to the jury at the time the jury retired, and that appellant requested that all such exhibits be given to the jury, which was refused by the court. The exhibits complained of are stated to be portions of appellee's exhibits, although there is nothing in the record with regard to the exclusion of such exhibits, except in a motion made by appellant after the jury was dismissed. The record does not disclose that appellant made any request with regard to such exhibits prior to the time the jury's verdict was received, that the jury requested such exhibits, or that the court refused to send such exhibits to the jury.

■ We do not believe the record before us shows any error of the trial court with regard to the requested instructions or the exhibits. Appellant has failed to establish that the matter complained of actually resulted in his prejudice or constituted reversible error. Texas Employers' Insurance Ass'n v. Dennis, 372 S.W.2d 559, 563 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.); Greeson v. Texas & Pacific Ry. Co., 310 S.W.2d 615, 619 (Tex. Civ.App.—El Paso 1958, writ ref. n. r. e.); J. H. Robinson Truck Lines v. Ragan, 204 S.W.2d 662 (Tex.Civ.App.—Galveston 1947, writ ref'd n. r. e.). The error, if any, complained of by appellant did not amount to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. The error, if any, was harmless. Rules 434 and 503, T.R.C.P.; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860 (1952); Fairchild, Harmless Error, Appellate Procedure in Texas, § 17.6.

Appellant also asserts that the trial court erred: in depriving him of the right of trial by jury; in directing the course of the trial, and in proceeding in such a manner as to lead the jury into thinking there was no legal or moral merit in appellant's cause of action; in submitting an issue of condonation as a result of appellee's trial amendment, the filing of which was objected to by appellant; in failing to set and hear appellant's amended motion for new trial; in refusing to submit his "Requested Issue No. 6," thereby failing to grant appellant any compensation or interest in the 1451 acres of land as a result of improvements made by him and his separate property expended to improve the property; in entering a judgment allowing a person to profit as a result of fraud and bad faith practiced by one upon another; and in allowing reference to be made to the jury that title to the property was not an issue in the case. We do not find any merit in these points of error and they are overruled.

Appellant's point of error No. 23 is: "The trial court erred in determining title to real property in a divorce action when the divorce was denied by the jury." In this connection, see Speer, Marital Rights in Texas, § 835, p. 175, and 20 Tex.Jur.2d, Divorce and Separation, § 203, wherein it is stated that the power of a court to determine the property rights of the parties is contingent upon the granting of a divorce. A careful study of the cases cited in support of this statement [1] reveals most of such cases were suits for divorce and for partition of community property in connection therewith, and the court held that when the divorce was denied, the court was without power to adjudicate the community property rights of the parties. The other cited cases are not analogous to the case on appeal. In the case before us, both appellant and appellee asked for an adjudication of the title status of the 1451 acres. Appellant in his pleading, in addition to seeking a divorce asks for an adjudication that he is the owner of an undivided one-half interest in the property, and also alleges that under the deeds wherein appellant and appellee were conveyed the 1451-acre tract each acquired an undivided one-half interest therein as their separate property, and asked the court to find that appellant is the owner of an undivided one-half interest in such property, and that appellee is holding such one-half interest in trust for appellant. Appellee, while contesting the divorce, alleged that the 1451 acres is her separate property and asked the court for an adjudication to that effect. In addition, appellee filed a counterclaim and cross-action in such suit for determination of her rights, status, or other legal relation under the deed dated October 10, 1927, from Raymond Letcher, conveying the 1451-acre tract to Louise E. Letcher, and asked that the property be decreed and declared to be her sole and separate property. Appellant, in his answer to such cross-action, says that he should be awarded a judgment declaring he has an undivided one-half interest in such property as his sole and separate property and estate.

When it is necessary for the protection of property rights, either spouse may sue the other. Trimble v. Farmer, 157 Tex. 533, 305 S.W.2d 157 (1957); Pride v. Pride, 318 S.W.2d 715, 722 (Tex.Civ.App. —Dallas 1958, no writ); Bettis v. Bettis, 83 S.W.2d 1076 (Tex.Civ.App.—El Paso 1935, no writ); 30 Tex.Jur.2d, Husband and Wife, § 168 (1962).

We feel that the cases cited under Footnote 1 are not controlling in the case before us, but rather that the holding in Borton v. Borton, 190 S.W. 192 (Tex.Civ.App. —Galveston 1916, writ ref'd), is applicable. This case is similar to the case before us. Borton was a suit by a wife for divorce, partition of community property, and for the quieting of title in the wife of three tracts of land alleged to be her separate property. The husband contested such suit by general denial, and specially denied that the three tracts of land were the separate property of his wife. He alleged that such property was acquired with community earnings and was the community property of husband and wife; that plaintiff (wife) was claiming the land under a certain deed from defendant (husband) to plaintiff conveying to her said land, but that in fact said instrument was signed when he was threatened with a fictitious and unfounded litigation, which was never instituted; that he executed said deed without the knowledge of plaintiff for his own protection

1. Carter v. Carter, Tex.Civ.App., 336 S.W. 2d 466, no writ: Pelham v. Sanders, Tex.Civ.App., 290 S.W.2d 684, no writ; Christie v. Tipps, Tex.Civ.App., 279 S.W.2d 142, no writ; Brown v. Brown, Tex.Civ.App., 191 S.W.2d 814, no writ; Russell v. Russell, Tex.Civ.App., 79 S.W. 2d 639, writ dism.; Harkness v. Harkness, Tex.Civ.App., 1 S.W.2d 399, no writ; Kelly v. Gross, Tex.Civ.App., 293 S.W. 325, no writ; Ledbetter v. Ledbetter, Tex.Civ.App., 229 S.W. 576, no writ; Givens v. Givens, Tex.Civ.App., 195 S.W. 877, no writ; Burns v. Burns, 59 Tex. Civ.App. 549, 126 S.W. 333, no writ.

against said threatened suit; that there was never any delivery of the deed and it was without consideration and void. The jury found that none of the causes alleged by plaintiff for divorce existed, but that the defendant did make manual delivery to the plaintiff of the deed in question. Upon such findings of the jury, the trial court entered judgment denying the divorce and partition of the community property, but rendered judgment in favor of plaintiff adjudging her to be the owner of the land in question as her separate property. On appeal, the husband contended that the court was without authority and jurisdiction to determine the rights of the wife in the land claimed by her as her separate property after the jury found that no grounds existed which entitled the wife to a divorce. The appellate court overruled such contention and affirmed the judgment of the trial court.

Appellant's Point of Error No. 23 is overruled. Appellant's other points pertain to the court's holdings and judgment in connection with the title to the 1451-acre tract.

It is the opinion of this Court that, under the authorities hereinafter discussed, the judgment of the trial court adjudging said 1451 acres to be the sole and separate property of appellee is correct and should be affirmed.

The deed from Raymond Letcher to Louise Letcher, dated October 10, 1927, recites a consideration of $10.00 and other valuable consideration to Raymond Letcher paid by Louise Letcher "out of her own property and estate," and conveys unto the said Louise Letcher "to her sole and separate use and benefit," all of his "undivided right, title and interest" in and to the 1451-acre tract in question. It appears from the record that in the year 1924 Raymond Letcher was sued by a man named Williams in connection with an accident, and in connection therewith an answer was filed on behalf of Raymond Letcher. Said suit was

ultimately dismissed in the year 1933 for want of prosecution. Appellant in some of his pleadings alleges he made the conveyance in an effort to defeat any creditor which might arise in the event a judgment was taken against him, and for the purpose of attempting to hide his separate property, and in his last amended petition appellant alleged said conveyance was made "for the purpose and with the intention of defeating any possible judgment creditors which might arise against RAYMOND LETCHER." Appellant testified that he conveyed the property to his wife because he had been sued, that he did it because he thought that Williams might get a judgment against him, and that he was afraid that Williams might take the land from him. Appellant contends that he and his wife had an agreement and understanding that she would later reconvey to him his interest in the property, and that in the year 1965, approximately 38 years later, he asked his wife to divide such property equally between them, but that she refused. The testimony shows that appellant had the 1927 deed prepared, and that his wife did not accompany him in connection with the preparation of such deed.

The judgment of the trial court is sustainable on two separate and independent grounds:

■ (1) As a matter of law, the appellant is precluded from showing any agreement, understanding, or intention contrary to the unequivocal language in the deed.

The Supreme Court has had before it a number of cases involving conveyances by a husband to his wife wherein property was conveyed to the wife as her sole and separate property. One of the most frequently cited cases is the early case of Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825 (1900), where the Court held that where a husband conveyed property to his wife by a deed which recited that the consideration was

paid out of her separate property and for her sole use and benefit, such recitals showed a clear intention on his part to convey the land therein described to her as her separate property, and parol evidence was not admissible to show that such was not his intention. The Court stated that such recitals were contractual recitals, the legal effect being to show the character of the right created by the deed, and that the parties thereto are estopped from denying it, and that the husband could not defeat the deed as a conveyance of the property to his wife as her separate property by denying such recital, since the effect of such denial would be to render the deed wholly ineffective.

In McKivett v. McKivett, 123 Tex. 298, 70 S.W.2d 694 (1934), community realty was conveyed by husband to wife as separate property by deeds which recited a contractual consideration. After the death of the husband his heirs sought to recover an undivided one-half interest in such property upon the theory that the deeds were executed pursuant to a prior agreement between the husband and wife that she would hold the title in trust for the community. The Court stated: "The evidence offered in this case is of such character as to render the deed ineffective. It would prove that the beneficial title did not rest in the wife for her separate use, as the deed declared, but that it remained in the community. Such evidence would contradict the very statements in the deeds which the court held in Kahn v. Kahn to belong to that class of particular and contractual recitals which the parties may not deny. The deeds in express terms declare the particular purpose or use for which the property is conveyed; that is, that it shall belong separately to the wife. Parol evidence should not be admitted to prove that it was conveyed for a different purpose or use."

See also 34 Texas L.Rev., Parol Evidence and Texas Deeds, at pages 363–364, and the cases of Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65 (1945); Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777 (1952); Loeb v. Wilhite, 224 S.W.2d 343 (Tex.Civ.App.—Dallas 1949, writ ref'd n. r.e.); Small v. Brooks, 163 S.W.2d 236, 238–239 (Tex.Civ.App.—Austin 1942, writ ref'd w. o. m.). A good discussion of these types of cases is found in Jackson v. Hernandez, 155 Tex. 249, 285 S.W.2d 184 (1955), wherein the Supreme Court said of the Kahn case: "It is apparent that the decision rests, not upon a recital of contractual consideration, but upon the fact that the instrument stipulated, in effect, that the beneficial ownership of the property was conveyed to the wife for her separate use."

There is no proof of fraud, accident or mistake in regard to the recitals in such deed. Appellant plead that such deed was executed for the purpose and intention of defeating any possible judgment creditor which might arise against him, and testified that the reason he conveyed such property to his wife was because he had been sued, and that he was afraid that the person suing him might get a judgment against him and take his land from him. Such testimony and pleading establish the absence of any mistake or accident and do not show any fraud on the part of appellee but rather with regard to the rights of a possible judgment creditor at the time that a suit was pending against appellant.

■ (2) Appellant is precluded from recovery because, under the evidence and the pleadings, such conveyance was made for the purpose and with the intention of defeating any possible judgment creditors which might arise against appellant.

■ Sound public policy should require that a fraudulent grantor who conveyed his property before contracting debts for the purpose of shielding it from liability to future creditors, when the purpose of such deed, as between the parties was not

to divest the grantor of beneficial interest, should not receive the aid of the courts against his grantee. Lott v. Kaiser, 61 Tex. 665 (1884). As between the parties to a fraudulent transaction, the transfer designed to defraud creditors passes title to the property, and the grantor may thereafter assert no right, title or interest in the property. Relief will be denied a grantor who seeks to set aside a deed on the grounds it was executed to defraud his creditors, for courts leave parties to a fraudulent transaction in the position they have placed themselves. 26 Tex.Jur.2d § 101 (1961). Where a person conveys land by a deed absolute on its face and without consideration, in fraud of his creditors, though with an understanding that the land is only to be held in trust, neither he nor his heirs can enforce the trust against the grantee or a purchaser from the grantee. Scarborough v. Blount, 154 S.W. 312 (Tex.Civ.App.—Galveston 1913, no writ). See also Messer v. Ziegler, 282 S.W. 620 (Tex.Civ.App.—Fort Worth 1926, no writ).

This Court in Dellerman v. Mangold, Tex.Civ.App., 271 S.W.2d 720, (1954, writ ref'd), stated: "For Dellerman to set aside his deed to Mrs. Mangold he must prove that it was executed and recorded to defraud his creditors, but when he does that he loses his case under the law. The Supreme Court has closed the door to grantors who shield their property from the just claims of creditors and later seek to recover from their grantee in whom was placed the apparent title. Lott v. Kaiser, 61 Tex. 665, 670. If everything happened that Dellerman claims, he has no enforceable right. 'This is so for reasons of public policy, to discourage fraudulent transactions. The courts leave the parties in the position in which they have placed themselves. Davis v. Sittig, 65 Tex. 497.' "

All of appellant's points of error are overruled. The judgment of the trial court is affirmed.