## DUFFER v. DUFFER.

(Court of Civil Appeals of Texas. El Paso. Feb. 15, 1912.)

1. DIVORCE (§ 184*)—PROCEEDINGS—DISCRETION OF TRIAL COURT.

The trial court has a wide discretion in determining whether the testimony warrants a divorce, the present statute, Rev. St. 1895, art. 2979, as amended by Acts 1897, c. 49, expressly providing that, where the husband or wife testify, the court or jury shall determine the credibility of such witness and the weight to be given such testimony.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 570–573; Dec. Dig. § 184.*]

2. DIVORCE (§ 184*)—APPEAL AND ERROR—FINDINGS—REVIEW.

A finding of the trial court denying a divorce will be disturbed only when it clearly appears that the court has erred, and not when the right to divorce depends wholly upon the testimony of the plaintiff.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 570–573; Dec. Dig. § 184.*]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Suit for divorce by J. L. Duffer against Harriet J. Duffer. From a judgment denying the divorce, plaintiff appeals. Affirmed.

B. F. Cotton, for appellant.

HIGGINS, J. This was a suit by the appellant against his wife, the appellee, for a divorce; the statutory ground of abandonment being alleged as a basis for the relief prayed for. The case was tried before the court without a jury, and upon hearing judgment was rendered against the appellant. It appears that the suit was filed within a few days after the expiration of three years from the date of the alleged abandonment. All the material facts were testified to by the plaintiff himself, the only corroborating testimony being the testimony of one witness, who testified that so far as he knew defendant was not then living at Ranger where plaintiff lived; that she had not lived there, that he knew of, for the last three years; that he had been to the plaintiff's house several times during that period and did not see any woman there; that he did not know what caused her to leave Ranger or anything about the facts of her leaving or the separation of the parties.

[1] From the earliest date our courts have strictly scrutinized all divorce proceedings and have always manifested a policy of conferring upon the trial court a wide latitude in determining whether or not the facts are such as to warrant the court in dissolving the marital relation, and in our present statute it is expressly provided where the

husband or wife testifies that the court or jury trying the case shall determine the credibility of such witness and the weight to be given to such testimony. Article 2979, as amended by Acts of 1897, p. 49.

[2] In the present case the fact of abandonment and the attendant circumstances were testified to by the plaintiff alone. The testimony of the corroborating witness was not clear as to length of time the parties had been separated. Plaintiff testified his wife left him on June 9, 1907, and it appears that the petition was filed June 13, 1910, and from the testimony of plaintiff the circumstances attending the alleged abandonment do not wholly relieve him from blame in the matter.

Before granting a divorce the trial court should be satisfied that the evidence fully and satisfactorily establishes the plaintiff's right to a divorce, and bearing in mind the strictness which our courts have always exercised in divorce proceedings, and the broad authority conferred upon the trial court to determine the credibility of a party to the suit as a witness, and the weight to be given to such testimony, we are not disposed, and do not think we should overrule the conclusion reached by the learned trial judge in this case. Seago v. Seago, 64 S. W. 941; Lohmuller v. Lohmuller, 135 S. W. 751. This should be done by this court in cases only where it clearly appears from the testimony that the trial court has plainly erred in refusing the divorce.

The judgment is therefore in all things affirmed.