KINCAID v. LONG et al.

No. 1957.

Court of Civil Appeals of Texas. Eastland.

Dec. 1, 1939.

Rehearing Denied Jan. 5, 1940.

Cox & Hayden, of Abilene, and Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for relator.

Stinson, Hair, Brooks & Duke, of Abilene, for respondents.

GRISSOM, Justice.

This is an original application for mandamus by Mrs. Raymond Kincaid, as relator, against Hon. M. S. Long, Judge of a district court of Taylor County, Texas, and Mrs. Eva Hampton, as respondents. Relator prays that a writ of mandamus be issued requiring Judge Long to enter a judgment for relator upon a verdict rendered in said court in cause No. 11469-A, styled Mrs. Eva Hampton v. Mrs. Raymond Kincaid. In said suit Mrs. Hampton sought recovery of damages against Mrs. Kincaid resulting from an automobile collision. The parties will be hereafter referred to as they appeared in the trial court.

Mrs. Hampton, plaintiff, alleged, among other things, that while she was in an automobile in Taylor County "near and under the underpass of the Texas & Pacific Railway Company where said highway passes under the railroad and traveling in a westerly direction on said highway" she met Mrs. Kincaid, defendant, who was driving her car in an easterly direction upon said highway; that "said defendant ran her said car across the road in front of plaintiff's car under said underpass and bridge over said highway in and upon that part and portion of said highway that plaintiff had a right to travel upon * * * and struck plaintiff's car * * *." Plaintiff alleged many specific acts of negligence by defendant.

Defendant alleged, among other things, the following:

"She says that on said occasion the plaintiff was approaching her on said highway going in the opposite direction to the direction in which defendant was traveling, and that defendant saw and observed the automobile in which the plaintiff was riding several hundred yards before the two automobiles met, and that plaintiff was driving and operating her automobile at a high and dangerous rate of speed, and was driving in the middle of the highway as she approached the underpass going under the Texas & Pacific Railway right-of-way. This defendant says that as she herself approached said underpass, seeing the position of the plaintiff and her automobile in the middle of the highway, defendant bore to her right of the highway as far as she possibly could in order to give the plaintiff all possible room for clearance. That in approaching the defendant's right hand side of the highway in order to give such clearance to the plaintiff, the defendant's two right-hand wheels ran off the concrete portion of the highway onto the gravel, or soft shoulder of the highway, which caused the defendant's automobile to skid. That at said time the defendant was making probably twenty-five miles per hour, and since there was a curve on the highway at the point where her automobile skidded and since the highway inclined down hill at said point, the defendant was unable to control her automobile and same whipped across the road and turned entirely around and headed back in the direction from which the defendant had been approaching. Defendant says that she finally gained control of said automobile, and brought the same to a standstill on the highway and after she had stopped her automobile and same had come to a complete standstill, the plaintiff drove into the back of this defendant's automobile at a great rate of speed, and with great force and violence, breaking and injuring and damaging the rear end of this defendant's automobile, and that defendant's automobile never at any time collided with the plaintiff's automobile, but that the plaintiff herself drove into the rear end of this defendant's car and collided therewith as aforesaid.

"This defendant says that the collision in question was brought about and caused by the negligence of the plaintiff herself in the following respects, to-wit:

"(a) The plaintiff was guilty of negligence proximately causing and contributing to cause the collision complained of, in that *plaintiff was operating her automobile in the center of the highway and refused and failed to yield to the defendant half of said highway immediately prior to said colli-*

*sion,* when the law and the rules of the road required her to drive on her own right hand side of the highway, and yield to the defendant the other side thereof." (Italics ours.)

The cause was submitted to a jury on special issues. The jury answered that they disagreed: (1) As to whether defendant was operating her automobile "immediately prior to the collision" at a rate of speed in excess of 45 miles per hour, and (2) if so, whether such speed was a proximate cause of the collision, and (3) as to whether defendant was driving her automobile at the time and place of the collision on her left hand side of the highway. (4) As to whether, if defendant did operate her car on her left side of the highway, such act was a proximate cause of the collision. In answer to No. 4-a, the jury found that defendant failed to have her car under control in making the curve in the road, "at the time and place where the collision * * * occurred." (4-b) The jury disagreed as to whether defendant's failure to have her car under control was negligence, and (5) as to whether such failure was a proximate cause of the collision. (6) The jury disagreed as to whether defendant failed to keep a proper lookout, and (7) if so, whether such failure was negligence, and (8) whether such failure was a proximate cause of the collision. (9) The jury disagreed as to whether the collision was the result of an unavoidable accident. (10) It found that plaintiff sustained personal injuries as a result of the collision; (11) that plaintiff discovered, or could have discovered by the exercise of ordinary care, that defendant's automobile was in a perilous position; (12) that after plaintiff had discovered defendant's perilous position, plaintiff failed to stop her automobile; (13) that plaintiff's failure to stop her automobile was not negligence. (14) The jury did not answer the question, conditionally submitted, as to whether such failure to stop was a proximate cause of the collision. (15) The jury found that plaintiff did not fail to keep a proper lookout, and (18) that plaintiff was not negligent in failing to drive her automobile around defendant's automobile. (25) The jury answered that they disagreed as to what amount of money would compensate plaintiff for her injuries.

Since the contentions of both plaintiff and defendant are based upon special issues Nos. 20 to 23, both inclusive, and the answers thereto, they are set out in full.

"20. Do you find from a preponderance of the evidence that just prior to the collision in question the plaintiff was driving her car in the center of the highway? Answer yes or no."

Answer: "Yes."

"If you have answered question number twenty 'yes' and in that event only then answer

"21. Do you find from a preponderance of the evidence that the plaintiff was negligent in driving her car in the center of the highway, just prior to the collision in question, if you have found that she did so? Answer yes or no."

Answer: "Yes."

"If you have answered question number twenty-one 'yes' and in that event only then you will answer

"22. Do you find from a preponderance of the evidence that such negligence, if any you have found, in answer to the preceding question, proximately caused or contributed to cause the collision in question? Answer yes or no."

Answer: "Yes."

"23. Do you find from a preponderance of the evidence that plaintiff failed to yield to the defendant half of the highway immediately prior to said collision? Answer yes or no."

Answer: "No."

After the return of said verdict defendant filed a motion for judgment based on said verdict, and plaintiff filed a motion to have the court declare a mistrial. The court overruled the first and sustained the second motion. In its order granting a mistrial the court found that there was no conflict in the verdict of the jury.

Defendant contends that since the jury found, in answer to special issues 20, 21 and 22, that "just prior to the collision" plaintiff was driving her car in the center of the highway, that such act was negligence and a proximate cause of the collision, it has found facts sustaining a complete ground of defense and, therefore, a judgment for defendant was required.

Plaintiff contends there is an irreconcilable conflict between the answer of the jury to issue 20 (that "just prior to the collision * * * plaintiff was driving her car in the center of the highway"), and the answer to issue 23 (that plaintiff

did not fail to yield to defendant half of the highway "immediately prior to said collision.")

■ With reference to the defendant's contention, we direct attention to defendant's allegation of contributory negligence on the part of the plaintiff, applicable to the findings of the jury under discussion, found in paragraph 6, subdivision (a), of defendant's answer, as follows: "The plaintiff was guilty of negligence proximately causing and contributing to cause the collision complained of, in that plaintiff was operating her automobile in the center of the highway and refused and failed to yield to the defendant half of said highway immediately prior to said collision * * *." We think the effect of said specific allegation of negligence was to raise by the pleadings an ultimate issue composed, not alone of question No. 20, to-wit, whether just prior to the collision plaintiff was driving her automobile in the center of the highway, but comprising questions 20 and 23, the latter inquiring whether the plaintiff failed to yield to the defendant half of the highway immediately prior to the collision. In other words, the contributory negligence alleged was in plaintiff's driving on her left side of the highway and failing to yield half of the road. We think defendant did not allege, or attempt to allege, that the fact that plaintiff, prior to the accident, was on her left side of the road alone was negligence and a proximate cause of the injury; if this were not otherwise manifest it is made so by defendant's allegation that defendant saw plaintiff "several hundred yards" before the automobiles met and that plaintiff was then driving "in the middle of the highway as she approached the underpass * * *." If such is the proper construction of defendant's said allegation of contributory negligence, and we think it is, then it does not result that the jury has found favorably to defendant facts constituting the complete ground of defense alleged by defendant. The jury has found a part of an ultimate issue in favor of defendant and another part in favor of plaintiff. The result is that such finding of a part of an alleged ultimate issue, or complete ground of defense, is insufficient to require judgment for defendant.

■ In 28 Tex. Jur. 578, it is said: "The writ will issue to compel the entry of a judgment on a special verdict, if the necessary effect of the verdict is clear and plain, and the issues are answered in such way as to require the entry of a judgment for one of the parties * * *." We think it cannot be said with reference to the facts of this case that the necessary effect of the verdict is clear and plain and that the issues are answered in such way as to require the entry of a judgment for defendant.

The mandamus prayed for is refused.