Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The only notice of appeal in this case appears as a notation upon appellant's amended motion for a new trial. The record does not reflect that notice of appeal was entered of record in the trial court, that is, upon the minutes of said court, as required by the mandatory provisions of Art. 827, C.C.P.

The absence of a proper notice of appeal deprives this court of jurisdiction.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Motion to Reinstate Appeal

BEAUCHAMP, Judge.

The record in this case has been corrected so as to show that notice of appeal was made in open court and entered of record. The motion to reinstate the appeal is granted.

The record is before us without any statement of facts, but from the bills of exception it appears that appellant was arrested with another negro while transporting a large quantity of liquor, wine, and beer through Harrison County, a dry area. Soon after the arrest they were taken to the county judge's office where a plea of guilty was entered and appellant assessed a fine of $500. He immediately got in touch with his lawyer from his home county of Marion, who filed a motion for rehearing setting up questions of fact which were not apparent of record. It alleged improper, hearsay, and prejudicial testimony had been submitted to the court, causing him to assess a fine of $500 against this appellant, while his companion in crime was assessed only a $100 fine.

This motion is not sworn to, either by appellant or his attorney. No consideration will be given to the things alleged in it. This motion is the basis for the bill of exception, which cannot have greater force than the motion itself had. Furthermore, the trial court qualified the bill by saying that he had fixed the penalty in appellant's case before any such statements were made, as set out in the bill. As presented, the bill does not show error.

The judgment of the trial court is affirmed.

CALDWELL v. CALDWELL.

No. 5583.

Court of Civil Appeals of Texas. Amarillo.

Dec. 13, 1943.

J. W. Culwell, of Amarillo, for appellant.

HEARE, Justice.

Appellant, on April 23, 1942, filed suit against appellee for divorce on the grounds of cruel treatment, alleging that he and appellee were married on or about April 21, 1940, and lived together for only three weeks when, an account of the cruel and harsh treatment and improper conduct on the part of the appellee, such as drinking, going to "honky-tonks," and association with questionable people, appellant was forced and compelled to leave the appellee with the intention of never living with her, as her conduct had rendered their further living together insupportable and impossible. Appellant further alleged that appellee's conduct was continuous and constant, and made for the specific purpose of annoying and vexing appellant, and did annoy and vex him to the extent that he could not apply himself to his job and caused him worry and affected his entire being.

Appellee executed sufficient waiver of service and in such waiver entered her general appearance in the cause. She made no further appearance, either by pleading or in person, and presented no evidence.

On the trial of the case to the court without a jury, judgment was entered denying the appellant a decree of divorce, said judgment reciting that the trial judge found that the truth of the material allegations of the petition were not established by the evidence. Appellant excepted, gave notice of appeal, and requested findings of fact and conclusions of law to be filed by the trial court. The essential findings of fact, as filed by the trial court in compliance with such request, were that appellant and appellee were married sometime in the year 1940, the exact or nearer statement of the date not having been made by any witness; that in about three weeks they separated from each other; that appellant was a taxicab driver in the city of Amarillo; that if appellee, after her marriage to appellant, was addicted to the excessive use of intoxicating liquor, as testified by the appellant, she was likewise addicted to such use of liquor during the prenuptial period when appellant knew and courted her; that appellant knew the kind of woman she was when he married her and knew that she drank intoxicating liquor; that he was not surprised by her continuation in such indulgences; that she did not conceal from him such fact of her habits before her marriage; that she made no promise before or on such marriage to change such habits; and that he was in no wise imposed upon by her to his disadvantage. The court further found as a fact that appellant, during the brief three weeks he lived with appellee, did not have sufficient opportunity or time to test and reasonably decide from the character and habits of the appellee whether she was suitable for his wife, regardless of whether or not he had known anything about her character and habits before their marriage. The court further found that appellee did not do enough within said three weeks, nor since, to amount to such cruelty to appellant as to warrant the court to award him a decree of divorce.

The court concluded, as a matter of law, that "the evidence is not full and satisfactory, to convince the court, upon a fair appraisal of it, that the material allegations in plaintiff's petition are true, and that under the law of this state, upon the subject of divorce, the evidence is insufficient to warrant a decree for divorce upon the grounds alleged by plaintiff."

Appellant contends that the evidence made out a case in which the trial court was not justified in refusing him a decree of divorce, and complains that the record does not substantiate the findings of fact on which the conclusion of law is predicated.

Article 4632, R.C.S. 1925, governing procedure in divorce cases, provides: "Suit shall not be heard or divorce granted before the expiration of thirty days after the same is filed. In all such suits the defendant shall not be compelled to answer upon oath nor shall the petition be taken as confessed for want of answer, but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Either party may demand a jury."

In divorce cases the findings of a jury, if a jury is used, or the findings of the trial court, on the facts, are not binding upon the appellate court. Jernigan v. Jernigan, 37 Tex. 420; Aylesworth v.

Aylesworth, Tex.Civ.App., 292 S.W. 963; Yosko v. Yosko, Tex.Civ.App., 97 S.W.2d 1023. The application of this rule requires the appellate court carefully to examine the record to ascertain whether there is sufficient evidence to warrant a divorce decree, regardless of the action of the trial court thereon. Parker v. Parker, Tex.Civ. App., 165 S.W.2d 926.

It is also the uniform holding in this State that under the mandate of Article 4632, R.C.S.1925, a trial court is authorized to grant a judgment of divorce only upon full and satisfactory evidence, and the trial court possesses more discretionary power than in ordinary cases to determine the matter of sufficiency, or insufficiency, of the evidence. In Duffer v. Duffer, Tex.Civ.App., 144 S.W. 354, a divorce decree was denied the appellant, who alleged abandonment and sought to establish the fact of abandonment by his own testimony. The appellate court stated the rule as follows: "From the earliest date our courts have strictly scrutinized all divorce proceedings and have always manifested a policy of conferring upon the trial court a wide latitude in determining whether or not the facts are such as to warrant the court in dissolving the marital relation, and in our present statute it is expressly provided where the husband or wife testifies that the court or jury trying the case shall determine the credibility of such witness and the weight to be given to such testimony."

Deference, therefore, should be given to the conclusions of the trial court as respects the credibility of the witnesses. Where a judgment for divorce has been denied, unless a clear abuse of discretion on the part of the trial court is shown, the appellate court will not disturb the findings and judgment of the trial court. Kreiter v. Kreiter, Tex.Civ.App., 137 S.W.2d 184.

In the light of the above authorities, we have carefully reviewed the evidence presented by appellant in support of his prayer for a divorce decree. To substantiate his allegation that his spouse had been guilty of cruel and harsh treatment of him of such a nature as to render their further living together insupportable, appellant testified in substance that after they had been married and lived together for three weeks they separated about the middle of May, 1940; that the cause of their separation was "she just did too much drinking and too much honky-tonking." He further testified that he was working at night as a taxicab driver and when he came home at morning time, he would sometimes find his wife at home and sometimes would not; that she was usually in a drunken condition and when he would try to get her to quit drinking, she just cursed him and told him if he did not like it, to move; that at the time of the separation he felt it was impossible for them to live together as husband and wife. Examined by the court, appellant stated that he had known appellee a little more than a year prior to their marriage, that she was working as a nurse and cook in a reputable institution in Amarillo at the time he met her, during their courtship, and while he lived with her, and was still working at such institution when he left her. The only corroboration presented by appellant was that of a fellow taxicab driver who stated that he had seen appellee two or three times at night clubs, drinking with other men. Definite times and places of such occurrences were not detailed and the attempted corroborative testimony consisted almost entirely of generalities. Another witness for appellant, a young girl who was only fifteen years of age at the time of the hearing in July, 1943, testified that she had seen appellee drinking in the company of another man. This, however, was apparently after the separation of appellant and appellee, as this witness testified that appellee had been fired from her job, and appellant testified she was still working at this job when he separated from her. It would serve no useful purpose to detail more of the rather meager evidence offered by appellant. Suffice it to say that the record fails to present such a "full and satisfactory" set of circumstances, either to convince this Court that appellee's conduct comes sufficiently within the purview of Section 1, Article 4629, R.C.S.1925, to justify a decree of divorce in favor of appellant, or to reveal that the trial court clearly abused his discretion in the denial of appellant's prayer for a divorce decree. Moore v. Moore, 22 Tex. 237.

For the reasons stated, the judgment of the trial court is affirmed.