## WARD v. PARDUE et al.
### No. 5838.

Court of Civil Appeals of Texas. Amarillo.
Sept. 29. 1947.

Smith, Cunningham & Boling, and John Steele, all of Lubbock, for relator.

Berry & Allred, R. A. Sowder, James H. Kimmel, Jr., A. W. Salyars, Campbell & Adams and Crenshaw, Dupree, Milam & Crenshaw, all of Lubbock, for respondents.

PITTS, Chief Justice.

This is an original application for mandamus filed by relator Lillie Mae Ward against Hon. G. V. Pardue, District Judge of the 99th Judicial District, and Lester Ward, seeking to compel respondent, Hon. G. V. Pardue, to render a final judgment in a divorce action styled Lillie Mae Ward v. Lester Ward, number 14867, pending in the District Court of the said district.

Relator presented her verified application to this Court on September 17, 1947, stating that the divorce action had been fully heard without a jury by respondent on September 3, 1947, that the evidence had closed, the argument of counsel for both parties had been heard, and the entry of a final judgment had been requested by relator's attorney but that respondent refused to enter a judgment either granting or denying a divorce, awarding custody and providing maintenance for four minor children born to the marriage of relator and Lester Ward. Upon hearing the application on the said date this Court entered an alternative order directing respondent to proceed forthwith and enter judgment in the said cause or to appear before this Court on September 22, 1947, at 10 o'clock a.m. to show cause why he should not be required to enter a judgment.

On the said date respondent filed a verified answer denying that the case in question had been finally heard or that the evidence had been fully developed and stated that his decision in the case had been continued for the hearing of further evidence at a later date in the term on the first Monday in November, 1947; that he as trial judge made an announcement to such effect from the bench; that no motion or request had been made to him for judgment; that a cross action had been filed by defendant, Lester Ward, in the divorce action and the evidence heard was controverted and relator had been charged with living in adultery; that there was a community estate consisting in part of a homestead; that at the close of the evidence he proposed to provide maintenance for the minor children and was advised by counsel jointly that such would not be necessary since defendant, Lester Ward, was providing for the children. Hon. B. B. Chappell, attorney for Lester Ward in the divorce proceeding, filed a sworn statement with this Court corroborating respondent.

On the last aforesaid date respondent appeared before this Court and both parties were heard through their attorneys. It is admitted that Hon. John Steele, who represented relator at the divorce hearing before respondent, is County Attorney of Lubbock County and that on September 4, 1947, the next day after the hearing before respondent, the said John Steele called re-

spondent and advised him that he had filed a complaint against relator charging her with living in adultery and that he; the said John Steele, was withdrawing from the divorce case as attorney for the relator and that the said John Steele likewise advised counsel for Lester Ward that he was withdrawing from the case as relator's attorney. Hon. S. P. Boling filed relator's application for mandamus in this Court and is representing her here. In support of the application he has filed a sworn statement made by John Steele to the effect that the evidence had been fully and completely developed in the divorce hearing before respondent and that what was said by him as attorney for relator and the respondent amounted to a request by him for judgment and a refusal by respondent to grant and render a judgment but that he does not swear to the exact language used.

These statements are controverted by respondent under oath who insists that he took the case under advisement with prospects of hearing further testimony at a later date in the term and that he was and still is considering the question of whether or not a divorce should be granted, to whom the minor children should be awarded if a divorce should be granted, whether or not the homestead should be set aside for the use and benefit of the minor children and other questions raised by the evidence of vital interest to the parties and their children.

■ It has long been the rule and this Court held in the case of Caldwell v. Caldwell, Tex.Civ.App., 176 S.W.2d 758, 760, that "a trial court is authorized to grant a judgment of divorce only upon full and satisfactory evidence, and the trial court possesses more discretionary power than in ordinary cases to determine the matter of sufficiency or insufficiency, of the evidence". Respondent says he, as trial judge, was not satisfied with the evidence before him. No one other than respondent is in a position to say whether or not the evidence heard was "full and satisfactory" to him. No one other than respondent is in a position to successfully and conclusively establish what was in his mind at the time in question. What respondent claims he said at the time is controverted. One party says the evidence was full and complete and the other says it was not. But we have no way to determine that matter since we are not furnished with a statement of facts as a result of the hearing had. We believe that a trial court faces no responsibility greater than that of endeavoring to determine what is best to do in a case such as that being heard by respondent. He was not only charged with the matter of determining the issue of divorce but he was charged with the duty of looking down the stream of time into the future in an effort to determine what was for the best interest of the four minor children if he did grant a divorce. Their whole future destiny depended upon his order and judgment in the matter. A trial judge should not be rushed at such a time and under such circumstances.

■■ The rule is well established that a mandamus to an inferior court will lie only in a case where the act directed to be performed requires no exercise of judicial discretion but is ministerial. This rule was announced in the case of Ewing v. Cohen, 63 Tex. 482, and has since been consistently followed. In support of the rule we further cite the cases of Kincaid v. Long, Tex. Civ.App., 135 S.W.2d 183; Texas & N. O. R. Co. v. Young, Tex.Civ.App., 148 S.W.2d 229; Ellzey v. Allen, Tex.Civ.App., 172 S.W.2d 703; 28 Tex.Jur. 574, Sec. 33. Under the record before us no one other than respondent himself is in a position to say whether or not he was exercising judicial discretion in deferring the matter then being heard until a later date in the term. Who is in a position to say that there was nothing more than a ministerial duty for him to perform? Certainly we cannot so hold under the record presented to us.

We find that relator has failed to establish her right to the relief sought. The alternative order heretofore entered by this Court is therefore set aside as a result of the hearing held and the mandamus prayed for is refused.