**Birdie L. FERGUSON, Appellant,**

v.

**Samuel L. FERGUSON, Appellee.**

No. 13397.

Court of Civil Appeals of Texas. San Antonio.

Oct. 22, 1958.

Pepos S. Dounson, San Antonio, for appellant.

James C. Onion, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a divorce suit instituted by Samuel L. Ferguson against his wife, Birdie L. Ferguson, based upon the ground of cruel treatment. The trial was to a jury and, in keeping with the findings of the jury, the court rendered judgment granting the divorce, from which action Birdie L. Ferguson has prosecuted this appeal.

Appellant's first three points present the contention that the judgment is not sup-

ported by the evidence and that, in any event, the evidence is not full and satisfactory, as is required by Art. 4632, Vernon's Annotated Civil Statutes.

The suit was appellee's second divorce suit. His first suit resulted in his being refused a divorce. That judgment was rendered on August 6, 1957. Soon thereafter appellee called his wife on the telephone and wanted her permission to return to his home and resume marital relations. This appellant refused. On another occasion he drove to the apartment occupied by his wife and son, taking his clothes with him, and knocked at the door of the apartment, hoping that his wife might let him move back and live with her as his wife, but though she and another lady were present at the time, they refused to answer the knock. On numerous occasions he called his wife over the telephone and asked her to let him come home, but on each occasion she refused. She would not let him visit his son in their home, and he had great difficulty in getting to visit his son at all. His wife would never talk to him except through a locked door. She would not tell him when, if ever, he could return. She said she would have to have time to consider the matter. She resented his testimony given at the first trial in which he made derogatory remarks about her. He apologized for filing the first suit for divorce and everything he had done in that connection, but she still refused to let him come home. She told him to visit a marriage consultant, which he did, but she continued to refuse to have anything to do with him. When she did let him see his son he was required, when he returned the boy, to leave him with his toys outside of her locked door. She said she did not want him around the house, and for him to quit calling her over the telephone. Appellee was a Master Sergeant in the U. S. Army. She refused to say whether she would go with him if he should be ordered overseas. Appellee testified that the conduct of his wife after the first divorce was refused had made him nervous and had impaired his

health, so that he was unable to do his work efficiently. Thereafter, on January 6, 1958, this suit was filed.

The jury answered all issues submitted to it in favor of appellee, and based upon these findings the trial court rendered judgment granting appellee a divorce. The findings of the jury and the judgment of the court are supported by full and satisfactory evidence. We fail to see how appellant could hope to retain appellee as her husband, and treat him in the manner which this record shows she did, for a period of five months. The true test of actionable cruelty is whether or not the acts and conduct of a spouse are of such a nature as to render their further living together as husband and wife insupportable. 15-A Tex.Jur., Divorce and Separation, § 10; Grisham v. Grisham, Tex.Civ.App., 255 S.W.2d 891; Hogue v. Hogue, Tex. Civ.App., 242 S.W.2d 673; Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409; Best v. Best, Tex.Civ.App., 214 S.W.2d 806; Mobley v. Mobley, Tex.Civ.App., 263 S.W. 2d 794.

In Bustos v. Bustos, Tex.Civ.App., 282 S.W.2d 434, it was held that the refusal of the wife to follow her husband in his military career to a designated army station, although she continued to draw an army allotment as his wife, constituted cruel treatment which rendered their further living together insupportable, and justified granting him a divorce.

By her fourth point appellant raises the question of recrimination. This issue was submitted to the jury and was found against appellant. The evidence was sufficient to support this jury finding, and we see no reason for setting it aside. The finding was necessarily approved by the trial court when judgment granting the divorce was rendered. Bohan v. Bohan, Tex.Civ.App., 56 S.W. 959; McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Staples v. Staples, Tex.Civ.App., 136 S.W. 120; Trigg v. Trigg, Tex., 18 S.W. 313;

Hutt v. Hutt, Tex.Civ.App., 76 S.W.2d 567.

Appellant's remaining points are without merit and are overruled.

The judgment is affirmed.