**Byron G. HUNTER, Appellant,**

v.

**Marjorie H. HUNTER, Appellee.**

**No. 5305.**

Court of Civil Appeals of Texas.

El Paso.

Feb. 18, 1959.

Rehearing Denied March 4, 1959.

Travers Crumpton, Fort Stockton, for appellant.

Shelby H. Blaydes, Connell Ashley, Fort Stockton, for appellee.

ABBOTT, Justice.

This is an appeal brought by plaintiff below, Byron G. Hunter, from a judgment of the District Court of Pecos County, denying him a divorce from Marjorie H. Hunter, defendant below.

Appellant alleged in his First Amended Original Petition that he was married to appellee in May 1951, and that they were permanently separated on or about September 25, 1956. He further alleged that because of appellee's treatment of him, he became upset, ill of health, physically and emotionally upset, and that such treatment seriously affected appellant's physical health and well-being; that appellee, without cause or provocation, would nag and fuss and quarrel with appellant, and keep him in a state of nervous tension and anxiety; that two children were born of this marriage; that appellee has failed and refused to permit appellant to see his two children for any length of time; that appellant is prohibited by an order of the District Court of Pecos County, Texas, from traveling outside of Buchanan County, Missouri and Doniphan County, Kansas (appellant is under the adult probation provisions of the laws of the State of Texas because of a felony conviction in Texas), and that appellee refuses to bring the children into those counties mentioned; and that all of these acts render further living together insupportable. The balance of the allegations concern the community estate and are not pertinent hereto.

The appellee filed a general denial and special exceptions denying that appellant had statutory grounds for divorce.

The trial court heard the matter without a jury, and after the testimony of appellant and upon motion of appellee, denied appellant the relief he sought, finding that appellant had failed, under the laws of Texas, to state any grounds warranting a divorce; and, in the alternative, had shown by his (appellant's) own statements, recriminating acts which would prohibit him from obtaining a divorce; and, in the alternative, by his (appellant's) testimony, had condoned the complained of acts.

Appellant brings two points of error:

(1) The Court erred in sustaining defendant's demurrer to the evidence;

(2) The Court erred in refusing to permit plaintiff to introduce all his evidence and fully develop his case.

The appellate court will not disturb the findings of the judgment of the trial court unless a clear abuse of discretion on the part of the trial court is shown.

The trial court had the opportunity to observe the witnesses and judge their credibility, and to observe their demeanor. Caldwell v. Caldwell, Tex.Civ.App., 176 S.W.2d 758.

The findings as to facts under evidence is for the trial judge. If such finding finds reasonable support in the evidence, this court may not legally disturb the same even though, on the evidence, this court or some other court might have found differently as to the facts: Weston v. Weston, Tex. Civ.App., 241 S.W.2d 753.

Considering the specific acts of cruel treatment as set out in appellant's First Amended Original Petition, we observe:

1. That by reason of such treatment toward him on the part of defendant, plaintiff became upset, ill in health, physically and emotionally, and such treatment affected plaintiff's physical health and well-being.

The evidence from the record shows that appellant suffered an injury when he was twelve years old. As a result of this injury, appellant had been examined and treated many times. Appellant is a confessed alcoholic, and the testimony shows this to be injurious to him. There is no testimony, other than his own, linking his physical ailments with any treatment from appellee.

Appellant next complains because he has not seen his children for some time. As stated before, the record shows that appellant is restrained to Buchanan County, Missouri and Doniphan County, Kansas, because of his own misconduct. There is no evidence that he has attempted, either through his parol officer or the court, to get permission to visit his children.

Appellant further complains of certain newspaper clippings mailed to Kansas and Missouri concerning his conviction of a felony in Fort Stockton, Texas, presumably by his wife, in order to belittle him in his home town. The appellant did not attempt to show that the contents of the clippings were not true, but, on the other hand, the record does show them to be true.

■■■ The true test of actionable cruelty for grounds for divorce is whether or not the acts and conduct of the spouse are of such a nature as to render their further living together as husband and wife insupportable: Vernon's Ann.Civ.Stat. art. 4632; Ferguson v. Ferguson, Tex.Civ.App., 317 S.W.2d 62.

After analyzing the entire record, we are of the opinion that the trial court was correct in denying the divorce under the record. The serious question raised here is whether the testimony meets the standard required by the statutes of this State in cases of this character. Dickey v. Dickey, Tex.Civ.App., 1956, 290 S.W.2d 933.

We have reached the conclusion that the testimony in this record, taken at its strongest, is not of that clear and convincing nature as to warrant a divorce.

Appellant's second point of error complains because the court erred in refusing appellant permission to introduce all of his evidence and fully develop his case.

■■ We cannot agree with this contention. Any witness—and none were named—that appellant needed to develop his case should have been brought before the court, or a motion for continuance should have been employed. There is no mention of any subpoenas issued for additional witnesses. The discretion of the trial court is the only measuring stick for the introduction of additional testimony: 41–B Tex.Jur. sec. 99; Rule 270, Vernon's Ann.Tex.Rules;

and, from the record, we cannot find abuse of that discretion in the present case.

For the reasons stated, we find appellant's points of error without merit, and they are accordingly overruled.

Judgment of the trial court is affirmed in all things.

LANGDON, C. J., not sitting.