**James W. JAMES, Jr., Appellant,**

v.

**Kathryn S. JAMES, Appellee.**

No. 3688.

Court of Civil Appeals of Texas.

Waco.

Oct. 6, 1959.

Rehearing Denied Oct. 29, 1959.

John M. Barron, Bryan, for appellant.

Ramey & Ramey, Sulphur Springs, for appellee.

TIREY, Justice.

This is a divorce action. In the decree we find this recital:

"After hearing the pleadings, all of the evidence, and argument of counsel, the Court is of the opinion and finds that the plaintiff has failed to prove the allegations in his petition wherein he alleged grounds for a divorce, and finds against the plaintiff on all material issues plead for a divorce, as against the defendant." The temporary orders entered in the decree are not assailed. Plaintiff excepted to the order of the Court and seasonably perfected his appeal. The decree is assailed on two points; they are substantially to the effect that the Court erred: (1) In denying the divorce because both parties testified and admitted that the appellee wife had wilfully left the appellant husband and refused to live with him as his wife; (2) In refusing to grant a divorce because the overwhelming weight and preponderance of the evidence clearly shows that appellant is entitled to it, and the trial court's refusal to grant him a divorce is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

Our Supreme Court, in McCullough v. McCullough, 120 Tex. 209, 36 S.W. 2d 459, 463, in answer to certified questions, said: " * * * the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether such treatment is of such a nature as to threaten the impairment of the physical health of the wife. Of course the sacredness of the marriage relation should be kept in view, and divorces should not be granted on trivial matters or disagreements."

It is our duty to examine carefully the record and the evidence adduced in order to determine whether or not such evidence and record satisfy the test provided in Art. 4632. See Harrell v. Harrell, Tex.Civ. App., 206 S.W.2d 109, point 1, and cases there collated.

Going back to the evidence tendered in this cause, we find that plaintiff testified in part:

"Q. You don't want a divorce, do you? A. Are you trying to make me say I still love my wife? If you are, I do. * * * You asked me the question, did I want a divorce, and I will say this: If it is the only way that I can stop those threats and have that baby some to myself, then yes, but I have fought this divorce tooth and toenail. * * *

"Q. Isn't it a fact that you told your wife that the only reason you filed suit here in Bryan was so you could have the custody hearing down here rather than up there in Sulphur Springs? A. I told her I wanted to have the hearing here in Bryan.

"Mr. Barron: I will stipulate, for the record, that that's the reason I filed it here, your Honor. She was fixing to do it to him up there.

"A. She had written me in a letter that she was going to get a divorce.

"Q. And didn't you tell her that the only reason you filed it down here was to have the custody hearing down here? A. To have the hearing down here.

"Mr. Barron: It is stipulated that it is true, plus other rights that we might have.

"By the Court: Q. What about it, Mr. James? You stated on the witness stand one time that you did not want a divorce, is that correct? A. I will put it this way: I told Kathryn, even during our engagement period, before our marriage, that I had been brought up to believe that once married always married, and since this I have taken the Bible up there and showed her where—what I am trying to say is: If she won't come live with me, I don't know of anything else to do."

Appellee testified in part:

"Q. * * * But, as a matter of fact, you would not want to reverse this situation and have Mr. James have custody of this child and have you visit him once a month, would you? A. I tried to show Jim by talking to him the gravity of the situation, and for us to be able to make a home for him so that would not happen"

The appellee further testified to the effect that she and her husband were married in October 1946; that about 1948 or 1949 they were separated and such separation continued until about 1953; that she wanted a divorce but that she was not asking for it at this time; that August, 1958, she took her child, a boy, a little over five years old, and moved to the home of her parents in Sulphur Springs, and that the reason she did not sue her husband for divorce is that she had not been back in Sulphur Springs for a period of six months; that she did not intend to live with him again as his wife.

We have given very careful consideration to the Statement of Facts, and we think the evidence shows conclusively that plaintiff has not carried his burden and that he is not entitled to a divorce at this time. We are of the further view that the Trial Court's refusal to grant appellant a divorce is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. It seems to us that the Trial Court, after seeing this young father and this young mother with this five year old boy, felt that they ought, under all the facts and surrounding circumstances, to compose their differences. We see no abuse of discretion by the Trial Court. See Golden v. Golden, Tex.Civ. App., 238 S.W.2d 619, points 1, 2 and 3, and Allen v. Allen, Tex.Civ.App., 267 S.W. 2d 911, points 1 and 2.

Accordingly, the judgment of the Trial Court in refusing to grant appellant a divorce is in all things affirmed.