**Jean O. HALE, Appellant,**

v.

**Thomas R. HALE, Appellee.**

**No. 3550.**

Court of Civil Appeals of Texas.

Eastland.

May 13, 1960.

Thomas W. Creighton, Mineral Wells, for appellant.

Tom M. Miller, Graham, for appellee.

COLLINGS, Justice.

This is a divorce suit brought by Thomas R. Hale against Jean O. Hale. The plaintiff also prayed custody of two minor children of the plaintiff and defendant and a partition of their community property. De-

fendant Jean O. Hale filed a cross action praying for divorce, for care and custody of her minor children and for attorney's fees. The case was tried before the court without a jury and judgment was entered granting a divorce to Thomas R. Hale, awarding him the care and custody of their two minor children and making a partition of the community property. The defendant's cross action for divorce, custody of the minor children and for attorney's fees was denied. Jean O. Hale has appealed.

It is urged by appellant Jean O. Hale in her first point that the court erred in granting a divorce to appellee on the ground of excesses, cruel treatment, and outrages because there was no evidence in the record that appellant had been guilty of such as contemplated by Subdivision I of Article 4629, Vernon's Ann.Civ.St. The portion of the statute referred to by appellant provides that a divorce may be decreed in the following case: "(1) Where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable."

The evidence shows that appellee Thomas R. Hale is a member of the Armed Forces of the United States with the rank of a Captain. Prior to his entry into the military service he was a resident of Palo Pinto County, Texas, where he had lived with his mother and stepfather from the time he was about two years old. He has served approximately nineteen years in the Armed Forces and in July of 1958 was living with his family in Fort Walton Beach, Florida, where he had been stationed for several years. Although he and his wife had been previously divorced, they had remarried in 1952 and apparently had been living together in a satisfactory manner until July of 1958. At that time appellee Thomas R. Hale was assigned to one year's duty in Iceland, during which period his wife and children continued to reside at their home in Fort Walton Beach, Florida.

While appellee was in Iceland he heard from his wife regularly until November, 1958, but from that time until his return to the states in July, 1959, he received only four letters from her. Two of these were within two weeks of each other. Appellee testified that he received a combination duty and vacation in February, 1959, and came to Texas on service affairs; that he called from Waco, Texas, to his home in Fort Walton Beach, Florida, and requested his wife to meet him at the Elgin Air Base and gave her the exact time he would arrive by plane. She refused to meet him. When he arrived at the base he again contacted his wife by telephone but she was not interested in coming for him. After a long wait he had to go to his home in a taxicab. Appellee testified that his wife's attitude toward him had obviously changed; that from a letter he had received from her it appeared that the change started in November, 1958. The evidence shows that she had become acquainted with a Greek airman then stationed at Elgin Air Base at approximately the time she ceased writing to or communicating with appellee. Appellee testified that upon his return home in February, 1959, he could hardly talk with his wife; that the Greek airman was in his home the first night that he arrived and stayed until near midnight and appellee had to request him to leave so they could go to bed. The evidence indicates that appellant was more or less constantly with the Greek airman to such an extent that it was not only embarrassing but unbearable to both appellee and to the 16 year old son of appellant and appellee. Appellant told her husband on this occasion that she was not satisfied with him, that she did not love him and talked about getting a divorce, and generally refused to act and conduct herself as a wife should. During this visit home the Greek airman returned to appellee's home on several occasions and appellant was always interested, agreeable and attentive to him.

The statement of facts is voluminous, consisting of about 400 pages, and it

would not be practical or helpful to detail the testimony of the witnesses. Suffice it to say that in our opinion there is ample evidence in the record showing appellant to be guilty of the most flagrant violations of her marital obligations; that during the greater portion of the year her husband was in Iceland she permitted the Greek airman to be almost constantly in her home in the presence of her two children, a son 16 years of age at the time of the trial and a little girl who was 5 years old. This conduct was embarrassing and intolerable to the son who was old enough to observe and understand the impropriety. The evidence shows that when the circumstances became known to appellee and he realized that his wife was untrue to him, he talked to her about it and she admitted that it was true. She told him that she didn't love him anymore, that she was through with him, and refused to go with him to California where he was ordered to report at the end of his year's service in Iceland. The action and course of conduct of appellant toward her husband was of such a nature as to render their further living together insupportable, and supported the judgment of the court granting a divorce to appellee. Bustos v. Bustos, Tex.Civ.App., 282 S.W.2d 434, Writ Dismissed; Ferguson v. Ferguson, Tex.Civ.App., 317 S.W. 2d 62. The evidence in our opinion also supports the action of the court in granting appellee the custody and care of the two minor children. The trial court had the opportunity to observe the appearance and demeanor of the witnesses and to evaluate the virtues of the parties. The court did not abuse its discretion in granting the custody of such children to appellee. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. We also overrule appellant's contention that the court erred "under all the evidence in the record in not awarding appellant attorney's fees". Although the trial court in a divorce case has the power to render judgment in favor of the wife for attorney's fees, the matter is largely within the discretion of the trial court. 15–B Tex.Jur.

29. Under the facts of this case we cannot say that an abuse of discretion is shown.

We have carefully examined the points urged by appellant and find no reversible error.

The judgment of the trial court is affirmed.