Juventino GONZALEZ, Jr., Appellant,

v.

Olga Moreno GONZALEZ, Appellee.

No. 14279.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 16, 1964.

Richard G. Morales, Laredo, for appellant.

Albert Armendariz, Gloria Senftner, El Paso, for appellee.

MURRAY, Chief Justice.

On December 3, 1962, Juventino Gonzalez, Jr., sued his wife, Olga Moreno Gonzalez, for a divorce on the grounds of cruel treatment. On December 2, 1963, after a hearing, the trial court rendered judgment denying the divorce. Juventino Gonzalez, Jr., has prosecuted this appeal.

We here copy the statement of the evidence made by appellant in his brief:

"No property was involved, and no children were born of this marriage; Testimony was obtained from Appellant only; Was cross-examined by Appellee's Attorney; Said Appellant's testimony was not controverted by Appellee or Attorney, although the opportunity was given them; Appellant testified that his earnings were $18.00 a week; his working hours were from 8:30 A.M. to 8:00 P.M. During their time of their marriage, they did not live in harmony. She would fight with Appellant, because he was tired when he got home from work, was always· fighting. She would act angry and did not feed him. Would refer to him as an animal. Did not sleep in his bed,

and in the morning would send him to work without his breakfast. On occasions would slap him, and Appellant would suppress his anger for fear of hurting her; Said fighting continued during the course of their marriage and their time of separation; Appellee had Appellant arrested and brought before the Justice of the Peace, claiming for non-support; stating that Appellee would rather see Appellant in jail, and that she wanted Appellant punished and put in jail. Attempted to reconcile, and was asked by Appellant to come and live with him with his salary. Appellee refused; Appellee earned $40.00 a week, while Appellant earned $18.00 a week. As a result of the life he was leading with Appellee, Appellant felt very badly and could not go on living through life in this manner, affecting his eating, as well as his work."

The question here is not whether the above evidence given by appellant would support a judgment of divorce if the trial court had seen fit to enter such a decree, but, rather, did the trial court abuse its discretion in refusing the divorce?

 Art. 4632, Vernon's Ann.Civ.Stats., provides, among other things, that a decree of divorce shall be rendered upon full and satisfactory evidence. The trial court may grant or deny a divorce subject to review on appeal for an abuse of discretion. Deebs v. Deebs, Tex.Civ.App., 164 S.W.2d 758. The trial court has broad discretion in divorce matters. Hursey v. Hursey, Tex.Civ. App., 165 S.W.2d 761.

We cannot revise the trial court's discretion in determining the sufficiency or insufficiency of evidence to warrant a divorce decree in the absence of a showing of a clear case of abuse of discretion. Grisham v. Grisham, Tex.Civ.App., 255 S.W.2d 891; Ivy v. Ivy, Tex.Civ.App., 177 S.W.2d 237; Caldwell v. Caldwell, Tex.Civ.App., 176 S.W.2d 758; Kreiter v. Kreiter, Tex. Civ.App., 137 S.W.2d 184.

Under the evidence in this case the trial court did not abuse its discretion in denying the divorce. James v. James, Tex. Civ.App., 328 S.W.2d 197; Bustos v. Bustos, Tex.Civ.App., 282 S.W.2d 434; Duffer v. Duffer, Tex.Civ.App., 144 S.W. 354.

The judgment of the trial court is affirmed.