**Alicia Rojas EMERSON, Appellant,**

**v.**

**Harold Hugh EMERSON, Appellee.**

**No. 252.**

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 15, 1966.

898

Hester & Toscano, Darrell B. Hester, Harlingen, for appellant.

Ransome & Ray, C. Fount Ray, Brownsville, for appellee.

OPINION

NYE, Justice.

A decree of divorce was granted to appellee Harold Hugh Emerson. The wife Alicia Rojas Emerson appealed contending that the husband failed to establish upon full and satisfactory evidence that the wife had been guilty of excesses, cruel treatment or outrages of such a nature as to render their living together insupportable and that there was no satisfactory evidence that any conduct of the wife was studied, willful and deliberate, intending to cause mental pain.

The parties were married on August 10, 1959 and lived together until their separation in May of 1965. There was one child

born of the marriage on July 10, 1960. There was no dispute as to the child custody as both parties agreed that the best interests of the child would be served by awarding him to his mother with certain visitation privileges granted to the father. The court divided the community property and there has been no complaint here that such division was not properly made by the trial court.

The trial was to the court without a jury and is here on appeal supported by findings of fact, conclusions of law and a full statement of facts.

 It is fundamental that a divorce should not be granted by the trial court or permitted to stand by an appellate court unless the evidence is full and satisfactory. It is therefore our duty to examine the entire record to determine whether the evidence meets this test. In doing so we must not lose sight of the fact that the trial court alone had the advantage of having the parties personally present before him and the opportunity to observe their demeanor and pass upon their credibility. Shaw v. Shaw, 402 S.W.2d 821 (Tex.Civ. App., San Antonio 1966) and authorities therein cited.

The appellant wife does not question the trial court's latitude in evaluating the controverted facts in the trial nor is it the appellant's position that the trial judge should not have believed the husband's testimony and should have believed the wife's testimony, rather it is the position of the appellant that the husband's testimony falls far short of full and satisfactory evidence of cruel treatment of such nature as to render their living together insupportable where no physical violence was inflicted.

The trial court had before him these same parties in a previously filed divorce action, each against the other. The wife at that time took a nonsuit of her action for divorce and elicited the aid of the court to save her marriage. During that suit there had been several preliminary hearings on the questions of restraining orders, child support, custody and alimony pendente lite. At the conclusion of that trial the court denied to the husband the divorce he sought. One of the first findings of fact filed by the trial court in this divorce action was that with this background of divorce experience, the court was shocked to learn that almost immediately following the denial of that divorce, the husband made a good faith effort to confer with the wife about a reconciliation. The wife spurned this overture with the simple statement that her son by a previous marriage was about to leave her home and that she would call the husband back. Even though the other son left shortly after this phone conversation the wife did not return his call either that Sunday afternoon or evening. The husband called two or three times a week, made a number of efforts over two months period to affect a reconciliation to no avail. Following the first effort for a reconciliation, the wife called the husband at his office and promptly renewed an aggravated long-standing dispute accusing the husband with having affairs with female employees at his office.

 The court further found that the wife made the husband unwelcome in his home; that it was difficult for the husband to have a normal visit with his son until after he brought this present suit. Continuing, the court found that on or about December 3, 1965, the husband, at the wife's invitation, conferred with the wife in her automobile in a drive-in parking lot. On this occasion the husband was subjected by the wife to several hours of accusations and was forced to begin to walk home in a cold rain. The humiliation of this night's ordeal on the husband was very real and obvious as he described it on the witness stand. The court found that after the husband arrived at his home the wife harassed him with telephone calls for the balance of the night; that the husband's health was affected by the wife's action and that the husband did not provoke this ill treatment. After a careful review of the entire record, we find the evidence to be full and satis-

factory and sufficient to support the findings of the trial court.

The wife's conduct was willful and deliberate, intending to cause mental pain. During the months of October and November, 1965, the husband made repeated efforts to contact his wife about a reconciliation. She spurned these efforts. The husband even wrote to his wife asking for a reconciliation. He received no reply. His attempted visits during these months with his son, were denied by the family maid on instructions from his wife. He testified that he had to consult his physician relative to his physical health for relief. The husband testified that he had tried his best to be a good husband. The wife had on various occasions called him a drunkard, a dope addict and narcotics addict; that these statements were made in front of his son, in front of her son (by a previous marriage), and in front of neighbors. He had tried to do the best he could. However, he couldn't do anything to please her. He testified that when he was finally able to visit with his son, his wife used the same abusive language set out above, in the presence of the little boy. Asked as to whether it had any effect or impact on the little boy, the husband testified that the little boy said, "Mama, don't fuss at Daddy" and he (the little boy) put his hand over her mouth. The husband got ready to leave and the little boy ran after him.

In order that a divorce be granted on the ground of mental cruelty under Vernon's Tex.Rev.Civ.Stat.Ann. art. 4629, (1), the acts that constitute excesses, cruel treatment or outrages provided in this statute as a ground for divorce are sufficient if they are of such a nature as to render their living together insupportable. These acts must be established by full, clear and satisfactory evidence. Tex.Rev.Civ.Stat. Ann. art. 4632. The conduct complained of is not necessarily confined to physical violence but may consist of studied and deliberate insults and provocation. Popper v. Popper, 388 S.W.2d 468 (Tex.Civ.App. San Antonio 1965). However, the suf-

ficiency and weight of the evidence necessary to meet these requirements must of necessity be left to the sound discretion of the trier of facts subject to the power and duty of reviewing court to pass on such evidence. Alexander v. Alexander, 373 S.W.2d 800, at 803 (Tex.Civ.App. Corpus Christi 1963) see numerous cases cited therein.

Some of the above facts were disputed by the wife. Where the evidence is conflicting, we have no authority to pass upon the credibility of witnesses, but it is our duty to determine as to the quality of evidence to make certain that it is full and satisfactory. Robinson v. Robinson, 235 S.W.2d 228 (Tex.Civ.App. San Antonio 1950); Gentry v. Gentry, 394 S.W.2d 544 (Tex.Civ.App. Corpus Christi 1965). Whether or not cruel treatment exists, depends largely upon the particular facts of each case and it is difficult to lay down a general rule that applies to all cases. Guerra v. Guerra, 327 S.W.2d 625 (Tex. Civ.App. San Antonio 1959). Even if it might be said that any one of the several different acts taken alone do not constitute sufficient grounds for divorce, the accumulation of all of them amidst the surrounding circumstances may be sufficient to constitute grounds on which the trial court may properly grant a divorce. Wauer v. Wauer, 299 S.W.2d 719 (Tex.Civ.App. Amarillo 1957); Martinez v. Martinez, 384 S.W.2d 924 (Tex.Civ.App. Corpus Christi 1964); 20 Tex.Jur.2d 354; Hunter v. Hunter, 321 S.W.2d 92 (Tex.Civ.App. El Paso 1959).

The husband testified that he had always been a gentleman and had not been guilty of any infidelity. The wife accused him of having affairs with his female employees. It has been held by this court that false charges of unchastity and infidelity taken with the accumulation of other acts may constitute such cruelty as will entitle a party to a divorce. Alexander v. Alexander, supra.

It is settled law of this state that cruel treatment as a ground for divorce is not confined to physical violence alone but may consist of a series of studied and deliberate insults and provocations. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459 (Tex.Com'n. App. 1931, opinion adopted). We find such insults and provocations present in the evidence in this record.

We are convinced from a careful examination of the entire record that the evidence is sufficient to meet the standard of full, clear and satisfactory, and that the trial court did not err in granting the divorce. Bustos v. Bustos, 282 S.W.2d 434 (Tex.Civ.App. El Paso 1955); Shaw v. Shaw, supra. Appellant's points are overruled.

Four instruments were included in the transcript at the request of the appellee. Appellant has filed a motion to strike these instruments from the transcript. The instruments were not considered by this court. In view of the disposition taken by this court of this appeal on the merits, it is not necessary for us to rule on appellant's motion.

Judgment of the trial court is affirmed.