The CITY OF DENISON,
Texas, Relator,

v.

The Honorable Ray F. GRISHAM, Judge, 336th Judicial District Court, Grayson County, Texas, Respondent.

No. 05–86–00447–CV.

Court of Appeals of Texas, Dallas.

Aug. 8, 1986.

Ronald H. Clark, Sherman, for relator.

Cynthia L. Stagner, Sherman, for respondent.

Before AKIN, DEVANY and HOLLINGSWORTH, JJ.

AKIN, Justice.

Both parties to a civil suit have filed petitions for writs of mandamus complaining of discovery orders of the trial court. Donald and Dixie Lee Medford filed suit in the 336th Judicial District Court, Judge Ray F. Grisham presiding, to recover damages from the City of Denison for the flooding of their property. The City's petition complains of that portion of the trial court's April 8, 1986, discovery order refusing to compel delivery of certain writings used to refresh the Medfords' memories during their depositions. The Medfords' petition seeks to vacate another provision from the same order requiring Mr. Medford to give information about potential witnesses.[1] We conditionally grant the City's writ, but deny the Medfords'.

While testifying at deposition on February 24, 1986, Donald Lee Medford refreshed his memory by examining certain notes prepared by himself and his attorney. Counsel for the City requested to see these papers, but was refused on grounds that they constituted work product. These documents were copied, marked as exhibits, and sealed in an envelope by the court reporter. The envelope was subsequently opened on March 25, 1986, when Dixie Lee Medford used its contents for the same purpose while giving her deposition. Permission to look at these papers was again denied the City on this occasion. The notes were then resealed and retained by the court reporter. The Medfords also used the work-product doctrine and attorney-client privilege to avoid answering any questions about persons named as potential witnesses in the Medfords' answers to the City's interrogatories.

The City filed a motion to compel the Medfords to: (1) answer questions about these potential witnesses; and (2) permit inspection of, and cross-examination regarding, the notes used during the Medford depositions. Although the trial court granted part of this motion and ordered Mr. Medford to answer questions about the potential witnesses, it denied the request for production of the documents used to refresh the Medfords' memories. On April 24, 1986, the City filed this petition for writ of mandamus to order the trial court to permit examination of the documents sealed at deposition. The Medfords soon filed their own petition to prevent the City from questioning the Medfords about potential witnesses.

---

1. This second petition, Cause No. 05–86–00519–CV, Donald Lee Medford and wife, Dixie Lee Medford v. The Honorable Ray F. Grisham, · Judge, 336th Judicial District Court, Grayson County, Texas, is discussed here but disposed of by a separate order.

The City's petition claims a right under Texas Rule of Evidence 611[2] to inspect the documents used by the Medfords to refresh their memories while testifying, and to cross-examine them concerning that material. This rule states in pertinent part as follows:

Rule 611. Writing Used to Refresh Memory

If a witness uses a writing to refresh his memory for the purpose of testifying either—

(1) *while testifying,* or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.... (Emphasis added.)

The Medfords controvert neither the applicability of this rule nor their use of the documents in question to refresh their memories while testifying.

■ Prior to the adoption of rule 611, lawyers were generally entitled to inspect any writing used to refresh the memory of a witness on the stand. *See Winters v. Winters,* 282 S.W.2d 749, 752–53 (Tex.Civ. App.—Amarillo 1955, no writ). The present rule modifies and extends this common-law rule. Rule 611(1) entitles an adverse party to inspect writings used by a witness to refresh his memory *while he is testifying:* Rule 611(2) allows opposing counsel to inspect documents examined by the witness *before he testifies,* but only if the court first determines this is necessary in the interest of justice. Because rule 611(1) gives the judge no discretion to deny opposing counsel the right to inspect the writings used to refresh the memory of a witness while testifying, we conclude that the City is entitled to inspect the papers in issue.

Our reading of rule 611 is supported by persuasive authority construing the identical provision contained in Federal Rule of Evidence 612. These federal authorities hold that the protections afforded by the work-product doctrine and attorney-client privilege are waived with respect to writings used by witnesses to refresh their memories. *See James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138, 144–46 (D.Del. 1982); *Wheeling-Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.,* 81 F.R.D. 8, 10–11 (N.D.Ill.1978). If the papers are used by the witness in advance to prepare for deposition, the court may refuse to order their delivery. *Al–Rowaishan Establishment Universal Trading & Agencies, Ltd. v. Beatrice Foods Co.,* 92 F.R.D. 779 (S.D. N.Y.1982). But when privileged documents are used to refresh the memory of a witness while he is in the process of testifying at deposition, there is no discretion—production is required. *S & A Painting Co., Inc. v. O.W.B. Corp.,* 103 F.R.D. 407, 409 (W.D.Pa.1984).

■ Likewise, we hold that use of a writing to refresh the memory of a witness while he is testifying waives both attorney-client privilege and work-product protection of the document and that rule 611(1) requires the trial court to insure, upon proper request, the delivery of such material to opposing counsel. The trial court's denial of the City's motion to compel discovery of the sealed exhibits constitutes a violation of this mandatory provision of rule 611(1). Accordingly, the City's writ of mandamus is conditionally granted.

The companion petition, filed by the Medfords, asserts that the trial court abused its discretion by ordering Donald Lee Medford to answer questions concerning the persons named as potential witnesses in the Medfords' answers to the City's interrogatories.[3] Medford was asked during his depo-

---

2. All references are to the Texas Rules of Evidence unless otherwise specified.

3. The discovery order requires Mr. Medford to testify about his "knowledge concerning such witnesses, his relationship to such witnesses and whether they had been on his property or had discussed the facts of the suit with him."

sition to describe who these people were and to say whether he had talked to them about this case.

The Medfords argue that the information they have learned from these potential witnesses is work product of their attorney. However, we note that the City never asked for any information about these people other than that described above. We read the trial court's discovery order in light of the questions propounded at deposition and the language of the City's motion to compel. When the order is so viewed, the Medfords' contention that the trial court ordered them to disclose work-product and privileged material is unfounded. Consequently, we deny the Medfords' petition for writ of mandamus.

We conditionally grant the City's writ because we are certain that Judge Grisham will vacate his order in accordance with our opinion; otherwise, the writ will issue.