

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-91,936-03, -04, -05, -06

## IN RE THE STATE OF TEXAS EX REL. KIM OGG, Relator

## ON APPLICATIONS FOR WRITS OF MANDAMUS
## IN THE 228TH DISTRICT COURT
## FROM HARRIS COUNTY

**NEWELL, J., filed a concurring opinion in which HERVEY, RICHARDSON and WALKER, JJ., joined.**

If it were clear that the reports that the State refuses to turn over are work product without any exculpatory, impeachment, or mitigating value, mandamus relief might be appropriate.[1]  But as Judge Hervey points out in her concurring opinion, this Court has already held that the

---

[1] *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (" . . . a relator must show that the facts and circumstances of the case 'dictate but one rational decision under unequivocal, well-settled . . . and clearly controlling legal principles.'")).

State is required to disclose exculpatory and impeaching evidence as a matter of federal constitutional law.[2]  And under the text of Article 39.14 (h), the State has a duty to disclose any exculpatory, impeachment, or mitigating information regardless of whether it can be characterized as "work product."[3]  Further, it is unsettled whether the District Attorney's independent investigation, which lead to the charged crimes in the underlying cases, amounts to an "offense report."  Because the State cannot demonstrate a clear right of relief, the Court rightly holds that mandamus relief is inappropriate.[4]

This case started with a law enforcement raid on the residence at 7815 Harding Street that resulted in the death of the two residents. After it was determined that law enforcement relied upon false information provided by Detective Gerald Goines to support the no-knock warrant at the center of the narcotics raid, the Harris County District Attorney's Office ("Relator") undertook an independent

---

[2] J. Hervey Concurring Opinion at 2 (citing *Ex parte Miles*, 359 S.W.3d 647, 670 (Tex. Crim. App. 2012)).

[3]  TEX. CODE CRIM. PROC. art. 39.14(h) ("Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.").

[4] *See McCann*, 422 S.W.3d at 704 ("With respect to the requirement that the act sought is purely ministerial, the relator must have a 'clear right to the relief sought,' meaning that the merits of the relief sought are 'beyond dispute.'").

investigation of the Houston Police Department Officers involved. Accordingly, the District Attorney's Office, itself, was the primary investigative agency. That investigation led to assorted charges of misapplication of fiduciary property, tampering with governmental records, and theft by public servant against the real-parties-in-interest. They, in turn, filed identical discovery requests for the reports and maps generated pursuant to the Relator's investigation.

In response, Relator refused to turn over the requested documents claiming that the requested information amounted to "work product," which is statutorily exempted from disclosure.[5] The trial court ordered the disclosure of the information after determining that the requested information amounted to "offense reports," which Realtor is statutorily required to disclose.[6] These mandamus proceedings followed.

As the party seeking mandamus relief, Relator must establish that such relief is warranted.[7] Though everyone seems to agree that Relator has no other adequate remedy aside from mandamus, Relator must still

---

[5] *See* TEX. CODE CRIM. PROC. art. 39.14(a).

[6] *See id.* (". . . the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports . . .").

[7] *Weeks*, 391 S.W.3d at 122 ("To be entitled to mandamus relief, the relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act.").

establish a clear right of relief.[8]  I acknowledge that we have recognized that reviewing courts can address an application of a legal issue to a novel factual scenario in a mandamus proceeding.[9]  But Relator must still establish that law surrounding that novel scenario is so clear that facts and circumstances dictate but one rational decision under well-settled (i.e., from existing statutory, constitutional, or case law sources), and clearly controlling legal principles.[10]  Further, as with any appeal, the burden is on the party bringing the mandamus action to ensure there is an adequate record upon which to resolve the issues.[11]

The State represented to the trial court, and represents to this Court, that the information it is refusing to turn over amounts to "work product."  However, this conclusion is in dispute and the record does not

---

[8] *See id*. ("The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought.").

[9] *Id.* ("Although we have sometimes suggested that a legal issue's status as one of first impression meant that the law was not well-settled, we have since clarified that an issue of first impression can sometimes qualify for mandamus relief.").

[10] *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (citing *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) ("The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought because the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles.")).

[11] *See, e.g.*, *London v. State*, 490 S.W.3d 503, 508 (Tex. Crim. App. 2016) (noting that "the appealing party carries the burden to ensure that the record on appeal is sufficient to resolve the issues presented" and that "the failure to provide a sufficient appellate record precludes appellate review of a claim."); *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (noting that relators seeking mandamus relief carry the burden to provide a sufficient record to establish a right to mandamus relief).

contain the documents at issue, under seal or otherwise. Without them, I do not believe the Court can say that there is one rational decision under clearly established law. There is no way to determine whether the reports are "work product" or "offense reports" under the statute. Moreover, as Judge Hervey points out in her concurrence, exculpatory, impeachment, and mitigating evidence must be disclosed even if it constitutes "work product" under the statute Relator relies upon.[12] This is because the work-product privilege is not absolute, and the duty to reveal exculpatory evidence as dictated by *Brady* overrides any privilege under the work-product doctrine.[13]

But even if we view the record in the light most favorable to Relator's claims, we would still have to decide the legal issue the trial court highlighted, namely what constitutes an "offense report" under Article 39.14. Prior to the passage of the Michael Morton Act, Article 39.14 did not require disclosure of "offense reports."[14] Consequently, this Court has never had occasion to interpret this new addition to the statute and clarify what constitutes an offense report. It may very well be that at some point in the future, this Court will determine that the

---

[12] TEX. CODE CRIM. PROC. art. 39.14(h).

[13] *Miles*, 359 S.W.3d at 670.

[14] *See* Acts 2013, 83rd Leg., ch. 49 (S.B. 1611), § 2, eff. Jan. 1, 2014.

types of reports at issue in this case do not constitute offense reports and only constitute "work product."  But at this juncture we cannot say that the existent law, statutory and precedential, mandates one rational conclusion that the reports in this case are only "work product" and not "offense reports."  Given that, Relator has not established a clear right to relief.

Indeed, the "work product" doctrine is designed to protect the attorney.[15]  The purpose of the doctrine is to stimulate the production of information and reward an attorney's creative efforts.[16]  Under Texas civil rules, material that reflects the attorney's personal thought processes is "core work product" and receives absolute protection, while other materials, such as documents, reports, or memoranda compiled by the attorney or his agents and communications made in anticipation of litigation are "other work product" and receive only qualified protection.[17]  Descriptions of potential witnesses and statements that

---

[15] *Pope v. State*, 207 S.W.3d 352, 357 (Tex. Crim. App. 2006) ("The attorney work-product doctrine, while not a true evidentiary privilege, belongs to and protects the attorney."); *see also United States v. Nobles*, 422 U.S. 225 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) (noting "[a]t its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which [the attorney] can analyze and prepare his client's case").

[16] *Pope*, 207 S.W.3d at 357–58 ("[The work-product doctrine's] purpose is to stimulate the production of information for trials, and it rewards an attorney's creative efforts by giving his work product a qualified privilege from being shared with others.").

[17] *Id.* at 358.

would reveal whether the party had spoken to potential witnesses are not work product and are discoverable.[18]  Facts that are divulged by or exist independent of the attorney or his agents are not protected, but statements or documents that set out their thoughts concerning the significance of these facts or the strategic conclusions that the attorney or his agents draw from them may well be protected.[19]

Relator's description of the materials withheld do not clearly fall within the recognized parameters of "work product."  They do not appear to be focused upon the thoughts of the State's attorney relating the significance of particular facts.  Instead, they appear to be uncovered facts that exist independent of the attorney or his agents. This is one reason Relator argues that the reports at issue are not discoverable, because the evidence contained within them exists independently of the reports themselves.  In addition, the State itself has conceded that "the requested documents would be discoverable if they had been created by the police department."[20]  This further suggests that the information within the documents exists independent

---

[18] *Id.* (citing *City of Denison v. Grisham*, 716 S.W.2d 121, 123–24 (Tex. App.—Dallas 1986, orig. proceeding)).

[19] *Id.* at 358–59.

[20] Writ – 03 Petition at 6.

of the thought processes of the lawyers and centers more on the discrete facts underlying the case.[21]

Further, without being able to evaluate the reports at issue, it is impossible for this Court to determine whether they contain exculpatory, impeachment, or mitigating information. As Judge Hervey notes in her concurring opinion, under the express terms of the statute, the work product privilege gives way to a prosecutorial duty to disclose any exculpatory, impeachment, or mitigating evidence.[22] Moreover, we have already held that the federal due process requirement that prosecutors turn over exculpatory or impeachment evidence also trumps any work-product privilege.[23] The State represents that the reports at issue do not contain such evidence, but the defense understandably disagrees. Because the character of the evidence is at least in dispute, we cannot say there is one clear rational decision

---

[21] *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 554 n.8 (Tex. 1990, orig. proceeding) (noting that the attorney work product privilege "protects only the mental impressions, opinions, and conclusions of the lawyer *and not the facts*.) (emphasis added).

[22] J. Hervey Concurring Opinion at 2 (citing TEX. CODE CRIM. PROC. art. 39.14(h)).

[23] *Miles*, 359 S.W.3d at 670.

regarding the disclosure of the reports.  Consequently, mandamus relief is inappropriate.[24]

Finally, I would also add that the State's argument that the information contained in the disputed evidence is available through other sources confuses the issue of error with the issue of harm.  It may very well be that at some later date this Court will determine on direct appeal that the State's failure to disclose evidence similar to the evidence at issue here was harmless because other similar evidence was disclosed.  But on mandamus, we are only concerned with whether the evidence at issue must be disclosed, not whether the failure to disclose it harmed the real parties in interest.  I agree with the denial of mandamus relief because I do not believe Relator has established a clear right to that relief regardless of whether the failure to disclose the evidence would be determined to be harmless on direct appeal.  That is why I agree with the Court that denial of mandamus relief is appropriate.

With these thoughts, I join the Court's order.

Filed: September 15, 2021

Publish

---

[24] *See Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex. Crim. App. 1982) (stating the principle of mandamus law that "the writ must not depend on the determination of a doubtful question of fact.").